UNITED STATES

v.

**Airman Wesley H. FULLEN, FR 296–52–2155 4449th Mobility Support Squadron Twelfth Air Force (TAC).**

**ACM 22003.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 6 Nov. 1975.

Decided 30 April 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before ROBERTS, ORSER and SANDERS, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a military judge sitting alone as a general court-martial, the accused was convicted, consonant with his pleas, of one offense of wrongful appropriation and one of robbery, in violation of Articles 121 and 122, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 922. The approved sentence provides for a bad conduct discharge, confinement at hard labor for 27 months and reduction to the grade of airman basic.

On appeal, appellate defense counsel have assigned two errors for our consideration. We find without merit and warranting no discussion an allegation that the charges were improperly referred to trial. A certificate of correction submitted by the trial judge clarifies the matter to our total satisfaction.

In their remaining assignment of error, appellate defense counsel contend the accused's plea of guilty to the robbery offense, committed by means of force and violence, was improvident. Counsel claim improvidence is shown by the accused's stated lack of awareness that the victim would be struck by a pipe, and thus he failed to acknowledge the required assault aspect of the compound offense of robbery. We do not agree.

Factually, during the trial's preliminary Article 39(a), 10 U.S.C. § 839(a), session, trial defense counsel indicated the accused intended to plead guilty to the offenses charged. During the inquiry mandated by *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), the military judge informed the accused that one of the elements of the robbery offense was that the taking of the property involved was by means of force and violence and against the will of the victim. The accused readily admitted that such element and the other essential elements listed by the military judge accurately described what he had done. He explained that he and two others formulated a plan to move the intended victim's unattended motorcycle to a dark area around the corner of the base bowling alley and then lure him there to be robbed. He professed to be unaware, however, that one of his companions intended to strike the victim with a pipe to facilitate the robbery. He stated he became aware of the pipe only after the parties (presumably including the victim) had gone around the corner of the building. When the victim had been lured around the corner, the accused observed one of his fellow schemers strike him on the head with the pipe.

The military judge elicited specific factual responses to that aspect of the matter as follows:

MJ: And you indicated that at that time you saw one of the airmen hit [the victim] over the head with a pipe?

ACC: Yes sir.

MJ: And was that part of the plan, the agreement?

ACC: Well sir, I didn't know about how we was going to go about taking the money. All I knew, we was . . . move his motorcycle, get him, and then take his money, you know, it was not like we were hitting him but we were going to grab him or something.

MJ: But you did plan to take whatever money he had on his body by force?

ACC: Yes sir. Yes sir . . . . .

The accused further stated that upon being hit on the head, the victim fell to the ground. The accused then took the fallen victim's wallet, subsequently found to contain the sum of nine dollars. He assured the military judge that he was guilty of the offense in an equal degree with his companions.

Pursuant to Article 45 of the Uniform Code of Military Justice, 10 U.S.C. § 845, if an accused after pleading guilty presents matters inconsistent with such plea, or if it otherwise appears the plea is improvidently entered, a plea of not guilty must be entered and the trial proceeds in that manner. This statutory requirement is designed to insure that an accused's guilt be consistently acknowledged from the time he pleads until sentence is pronounced. *United States v. Woods*, 22 U.S.C.M.A. 137, 46 C.M.R. 137 (1973); *United States v. Nocho*, 50 C.M.R. 693 (A.F.C.M.R.1975). Of course, minor inconsistencies not amounting to a negation or disavowal of the essential elements of the offense do not require rejections of the plea. A not guilty plea must be entered only when the matters presented are truly inconsistent with the proffered guilty plea. *United States v. Timmins*, 21 U.S.C.M.A. 475, 45 C.M.R. 249 (1972).

With that guidance in mind, we find the accused's responses to the military judge's searching questions to be consistent with guilt respecting each essential element of the robbery offense charged. Robbery consists of the taking, with intent to steal, of anything of value from the person or in the presence of the victim, against the victim's will, by use of force or violence or fear of immediate or future injury to his person or even his property. Article 122, Code, 10

U.S.C. § 922, *supra*; Manual for Courts-Martial, 1969 (Rev.), paragraph 201. To be guilty of robbery in a scheme concocted by two or more parties, an accused must share the criminal intent of the other participants and must by his presence aid or encourage the others in the commission of the offense. Article 77, Code, 10 U.S.C. § 877, *supra*; *United States v. Jacobs*, 1 U.S.C.M.A. 209, 2 C.M.R. 115 (1952); *United States v. Buchana*, 19 U.S.C.M.A. 394, 41 C.M.R. 394 (1970). In such a situation, an accused as a principal is "chargeable with results which flow as natural and probable consequences of the offense subjectively intended." *United States v. Wooten*, 1 U.S.C.M.A. 358, 3 C.M.R. 92 (1952); Manual for Courts-Martial, *supra*, paragraph 156.

█ Here, though the accused professed to be unaware a pipe would be the specific instrument of force or violence directed against the victim to facilitate the robbery, he nevertheless acknowledged that some manner of force or violence was to be employed to overcome his resistance. In our view, this acknowledgement by the accused is sufficiently consistent with a full admission of guilt to support his plea of guilty. The substance of the accused's responses during the *Care* inquiry convincingly demonstrate that he participated as a principal in a robbery, a venture that contemplated an assault to achieve a larcenous goal. Clearly, the accused shared the criminal intent or purpose of the person who struck the blow and intended to actively participate in all significant aspects of the offense. Since an assault was fully intended by the accused, the specific manner in which it was accomplished is a matter totally immaterial to his admission of guilt. In the circumstances, the force actually employed against the victim was a natural and likely consequence of the robbery directly contemplated by the participants. Manual for Courts-Martial, *supra*, paragraph 156; *United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319 (1955). Accordingly, the accused's plea of guilty was properly accepted.

For the reasons stated, the findings of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and SANDERS, Judge, concur.