UNITED STATES

v.

**Sergeant Carl F. HERRICK, FR 216–76– 0567 United States Air Force.**

**ACM 23212.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 12 May 1981.

Decided 31 Dec. 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before MILES, KASTL and RAICHLE, Appellate Military Judges.

## DECISION

MILES, Senior Judge:

Consistent with his pleas, the accused was convicted of use of amphetamines and diverse offenses of use, possession, sale and introduction of marijuana in hashish form onto a base, violations of Articles 92 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934. Despite not guilty pleas, he was also convicted of conspiracy to possess and two more hashish possession offenses. The issues we discuss involve these three additional offenses. The approved sentence extends to a dishonorable discharge, confinement at hard labor for four years, total forfeitures and reduction to airman basic.

Since the three offenses to which accused pled not guilty are interrelated, we discuss them together. Between August and November 1980, the accused met three times with A.H., a German national, at a cafe in Zweibrucken, Germany, in order to buy hashish. The total quantity purchased by the accused exceeded five kilograms at a price of about 6000 Deutschemarks (approximately $3000) per kilo. At each meeting, accused paid for the hashish when it was delivered to him. These purchases are the basis for one possession offense.

After the third purchase, the accused called A.H. a fourth time, again asking to purchase hashish. At their next meeting, A.H. asserted that he had no money and asked for "up front" money to acquire the hashish. In response, the accused gave A.H. several thousand Deutschemarks. This fourth meeting formed the basis of the conspiracy to possess offense charge against the accused. Outside of the presence of the accused, A.H. then gave some of this money to K., another German national unknown to the accused. K then travelled to Holland to purchase the hashish, did so and was apprehended while returning to Germany in December with approximately two kilograms of hashish. This last possession of K forms the basis of the remaining possession offense charged against the accused.

Among other assigned errors, appellate defense counsel assert the evidence is insufficient to prove accused was a principal to this last possession offense since the individual possessing hashish did not know the accused and was not counseled, commanded or procured by the accused to commit the offense. They argue that since the accused did not direct A.H. to have K., or indeed anyone else acquire the hashish, the accused can not be guilty as an accessory to K's possession. We disagree and affirm.

The instructions of the military judge as to this possession offense were premised on accused's liability as a statutory principal. Under Article 77, U.C.M.J., 10 U.S.C. § 877, one who "aids, abets, counsels, commands, or procures" the commission of an offense is liable as a principal to the offense. The Manual for Courts-Martial, 1969 (Rev.) paragraph 156, provides, *inter alia*, that:

> If there is a concert of purpose to do a given criminal act, and that act is done by one of the parties, all probable results that could be expected from the act are chargeable to all parties concerned; but in order to make one liable as a principal in such a case, the offense committed must be one embraced by the common venture or an offense likely to result as a natural or probable consequence of the offense directly intended.

> \*　\*　\*　\*　\*　\*

> One who counsels, commands or procures another to commit an offense subsequently perpetrated in consequence of that counsel, command or procuring is a principal whether he is present or absent at the commission of the offense. If the offense is effected, *although by different means from those counseled, commanded or procured*, as for instance if A hires B to poison C and instead of poisoning him, B shoots C, A is nevertheless guilty of the homicide. Likewise, one who causes an act to be done which if directly performed by him would be punishable by the code is a principal. When the act is done, such a principal is also chargeable

with all results that could have been expected to flow as a probable consequence from the act counseled, commanded, procured, or caused to be done. [Emphasis added].

■ As Judge Brosman observed, "It is certainly a well established rule of criminal responsibility that principals are chargeable with results which flow as natural and probable consequences of the offense subjectively intended." *United States v. Jackson*, 6 U.S.C.M.A. 193, 19 C.M.R. 319, 331 (1955) (Brosman, concurring and dissenting), citing *United States v. Wooten*, 1 U.S.C.M.A. 358, 3 C.M.R. 92 (1952). *See, United States v. Jones*, 517 F.2d 176, 181 (D.C.Cir. 1975); *United States v. Fullen*, 1 M.J. 853, 856, (A.F.C.M.R.1976); *United States v. Lucas*, 33 C.M.R. 511 (A.B.R.1963), *pet. denied*, 33 C.M.R. 436 (C.M.A.1963). One need not agree to or even know all details, minor or otherwise, of a planned crime in order to aid and abet the commission thereof. *United States v. Lane*, 514 F.2d 22 (9th Cir. 1975) and *Williams v. United States*, 308 F.2d 664 (9th Cir. 1962).

■ Vicarious criminal liability as a conspirator and as an accessory are closely related theories of liability. *See, United States v. Jackson, supra*, and *United States v. Brown*, 9 M.J. 599 (A.F.C.M.R.1980), *pet. denied*, 9 M.J. 413 (1980). During the existence of a conspiracy, each conspirator is liable for all the other acts of other members of the conspiracy done in pursuance of the conspiracy unless he abandons or withdraws from the conspiracy. MCM, 1969 (Rev.), paragraph 160; *Pinkerton v. United States*, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); *Boyd v. United States*, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892). *See*, Yawn, *Conspiracy*, 51 Mil.L.Rev. 211, 214 (1971). The joining of a new conspirator does not create a new conspiracy or affect the status of the remaining members. MCM, 1969 (Rev.), paragraph 160. An accused can be a party to a conspiracy even though he does not know the existence or identity of all conspirators and does not participate in all of their acts. *United States v. Friedman*, 445 F.2d 1076 (9th Cir.

1971), *cert. denied, sub nom., Jacobs v. United States*, 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971). *See, United States v. Cirillo*, 468 F.2d 1233 (2nd Cir. 1972), *cert. denied*, 410 U.S. 989, 93 S.Ct. 1501, 36 L.Ed.2d 188 (1973); *United States v. Wenzel*, 311 F.2d 164, 167 (4th Cir. 1962). As to acts carried out within the scope of the conspiracy and in furtherance thereof, a conspirator is liable though not aware of the performance of the acts nor even of the existence of the actors. *United States v. Roselli*, 432 F.2d 879, 894 (9th Cir. 1970), *cert. denied, sub nom., Jacobs v. United States*, 401 U.S. 924, 91 S.Ct. 883, 27 L.Ed.2d 828, (1971). *See, United States v. Brasseaux*, 509 F.2d 157, 161 (5th Cir. 1975); *United States v. Marable*, 574 F.2d 224, 230 (5th Cir. 1978); *United States v. Oropeza*, 564 F.2d 316, 322 (9th Cir. 1977), *cert. denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978); *United States v. Decker*, 543 F.2d 1102, 1104 (5th Cir. 1976), *cert. denied, sub nom., Vice v. United States*, 431 U.S. 906, 97 S.Ct. 1700, 52 L.Ed.2d 390 (1977). *United States v. Chambers*, 382 F.2d 910 (6th Cir. 1967).

■ In this case, the accused entered into a conspiracy with A.H. to possess marijuana in the hashish form. His transfer of substantial funds to A.H. as "front money" was an overt act to further the conspiracy. The actions of A.H. in transferring some of this money to K and instructing K to go and acquire the hashish was within the scope and in furtherance of the conspiracy. When apprehended, K possessed hashish acquired on the accused's behalf and at his instigation, albeit indirectly. The acquisition of the hashish by K and its temporary possession—until it could be transferred to the accused—were acts clearly within the scope of the conspiracy and in furtherance thereof. The fact that A.H. enlisted another to assist in this task, though not perhaps an immediate means contemplated by the accused, does not alter the accused's criminal responsibility. MCM, 1969 (Rev.), paragraph 156, *supra; United States v. Lane, supra; Williams v. United States, supra.*

We have considered the remaining assignments of error and have resolved them adversely to the accused. The findings of guilty and the sentence are

AFFIRMED.

KASTL and RAICHLE, Judges, concur.