UNITED STATES, Appellee,

v.

Private First Class Derek J. BROWN,
U.S. Army, Appellant.

No. 47783.
CM 444470.

U.S. Court of Military Appeals.

Oct. 22, 1984.

For Appellant: *Colonel William G. Eckhardt, Lieutenant Colonel Arthur L. Hunt, Major Stephen R. Dooley, Captain William T. Wilson* (on brief); *Colonel R. Rex Brookshire, II, Major Paul J. Luedtke.*

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Joseph A. Rehyansky, Captain Kurt J. Fischer* (on brief).

*Opinion of the Court*

EVERETT, Chief Judge.

A general court-martial convicted appellant, inter alia, of wrongful possession of 8.51 grams of marihuana with intent to distribute and of wrongful distribution of 8.51 grams of marihuana, both at the same place and on the same date, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. After the convening authority approved the trial results and the United States Army Court of Military Review affirmed, we granted review of appellant's contention that these findings are multiplicious. Now, we conclude they are.

Recently we ruled that possession and distribution of the same quantity of a drug at the same time and place, both charged under Article 134 of the Code, were multi-

plicious for purposes of findings. *United States v. Zubko,* 18 M.J. 378 (C.M.A. 1984). In reaching this conclusion, we carefully considered the language of paragraph 213*g* of the Manual for Courts-Martial, United States, 1969 (Revised edition), wherein the President discussed these offenses and the type of conduct proscribed thereunder as conduct prejudicial to good order and discipline under Article 134. We noted that paragraph 213*g* (3) defines the word "[d]istribute" to mean "deliver *to the possession of another." Id.* at 385 (emphasis added).

The distinction between the offenses of which Zubko was convicted and those now before us is that the possession here was "with intent to distribute." Accordingly, the question presented is whether the element of "intent to distribute" in the possession offense is included in the offense of wrongful distribution, as these offenses are treated in paragraph 213*g* of the Manual.

▇ While there is some discussion in paragraph 213*g* (6) of "[i]ntent to distribute," the term itself is not defined in the Manual.[1] Federal courts, however, have construed the federal statutory counterpart, 21 U.S.C. § 841(a)(1)—similar in all pertinent respects to possession with intent to distribute as that crime is treated in paragraph 213*g*—as a crime requiring a specific intent: the intent to distribute. *E. g., United States v. Pope,* 561 F.2d 663, 670 (6th Cir. 1977); *see, e.g., United States v. Morgan,* 581 F.2d 933, 936 (D.C. Cir. 1978). Distribution, on the other hand, does not include a specific intent to accomplish a certain result as a statutory element of the offense. Para. 213*g*, Manual, *supra*; *see* 21 U.S.C. § 841(a)(1), and *United States v. Pope, supra.* However, as a general proposition, for an act to be criminally punishable, the act must be voluntary. W. LaFave and A. Scott, *Handbook on Criminal Law* 179–81 (1972).[2] In other words, the individual must have a general *mens rea*—an intent to do the *actus reus* for which he is being held accountable. R. Perkins, *Criminal Law* 744 (2d ed. 1969). In the case of distribution, this general *mens rea* is the intent to perform the act of distribution. *See United States v. Jardan,* 552 F.2d 216, 219 (8th Cir. 1977), *cert. denied,* 433 U.S. 912, 97 S.Ct. 2982, 53 L.Ed.2d 1097 (1977). Accordingly, it is apparent that both offenses include the element of intent to distribute the controlled substance involved.

▇ Thus, possession with intent to distribute a controlled substance is a lesser-included offense of distribution of the same quantity of the substance at the same time and place. *See United States v. Zubko, supra.* Therefore, the finding of the former must be set aside. *Id.; United States v. Doss,* 15 M.J. 409 (C.M.A. 1983); *United States v. Baker,* 14 M.J. 361 (C.M.A. 1983).

We are satisfied that appellant suffered no prejudice as to sentence because of this error as to findings.

The decision of the United States Army Court of Military Review is reversed as to specification 1 of the Charge. The finding of guilty of that specification is set aside and that specification is dismissed. In all other respects, the decision below is affirmed.

Judges FLETCHER and COX concur.

---

1. "Distribute" and "[d]eliver" are defined in paragraph 213*g* (3), but the intent to do these acts is not defined there or elsewhere in the Manual.

2. This source provides a helpful discussion of the meaning of the term "voluntary" as used under various circumstances.