## UNITED STATES

v.

**Fredrick FIGUEROA, 107 60 0854, Airman Apprentice (E–2), U.S. Navy.**

### NMCM 88 2157.

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 15 April 1988.

Decided 24 Feb. 1989.

---

LT Daniel W. Dooher, JAGC, USNR, Appellate Defense Counsel.

LT Stephen Ponticiello, JAGC, USNR, Appellate Government Counsel.

Before COUGHLIN, STRICKLAND and RUBENS, JJ.

COUGHLIN, Senior Judge:

Pursuant to his pleas, appellant was found guilty at a general court-martial before a military judge sitting alone, of one specification of conspiracy to possess and distribute cocaine, one specification of distribution of cocaine and three specifications of distribution of marijuana, in violation of Articles 81 and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881 and 912a. The military judge sentenced appellant to confinement for one year, to be reduced to pay grade E–1, to forfeit $500.00 pay per month for 12 months, and to be dishonorably discharged from the Naval Service. The convening authority approved the sentence as adjudged.

Although this case was initially submitted for review without a specific assignment of error, we requested briefs on the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN ACCEPTING THE APPELLANT'S GUILTY PLEA TO SPECIFICATION 2 OF CHARGE II, WHEN THE PROVIDENCE INQUIRY REVEALED THAT THE APPELLANT NEVER TRANSFERRED THE COCAINE TO THE POSSESSION OF ANOTHER (R. 12 & 17), AND WHEN THE SPECIFICATION ITSELF FAILED TO ALLEGE THE OBJECT OF THE DISTRIBUTION? *SEE UNITED STATES V. BROWN*, 19 M.J. 63 (C.M.A.1984)

In his response to the Court's request, appellate defense counsel raised the following additional assignment of error:

> THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEAS OF GUILTY TO CONSPIRACY TO POSSESS AND DISTRIBUTE COCAINE AND DISTRIBUTION OF COCAINE BECAUSE THERE WAS NO INTENT TO DISTRIBUTE COCAINE OUTSIDE

OF THE CONSPIRACY, AND APPEL-LANT COULD NOT BE CRIMINALLY LIABLE FOR ANY OTHER DISTRIBU-TION WITHIN THE CONSPIRACY.

Upon consideration of the record of trial and the submissions of counsel on the foregoing issues, we conclude that the military judge did not err in accepting appellant's guilty pleas to either the conspiracy offense under Charge I, or to the distribution of cocaine offense under Specification 2 of Charge II.

The facts of the conspiracy, as admitted by appellant during the providence inquiry, revealed that appellant had formed an agreement with Airman Coulson and Hospital Corpsman Williamson, for the purchase and division amongst themselves of one gram of cocaine. Appellant and Coulson each provided $12.50 to Williamson, who, after adding $25.00 of his own, purchased one gram of cocaine from his supplier. Williamson kept one-half of the gram of cocaine for himself and distributed a quarter gram each to appellant and to Coulson. There was no further distribution of the cocaine beyond the co-conspirators.

I

*Conspiracy Offense*

■ To constitute the crime of conspiracy an agreement must be entered into between two or more persons to commit an offense under the UCMJ, and that thereafter, one of the conspirators must perform an overt act in furtherance of the object of the conspiracy. Para. 5b, Part IV, Manual for Courts–Martial (MCM), United States, 1984. In applying this definition to the facts in our case, it is clear that the crime of conspiracy was committed once the three conspirators pooled their money for the purchase of the cocaine.

Although the appellant on appeal acknowledges his guilt to the conspiracy offense with respect to the possession of cocaine, he argues that we should amend the findings so as to excise the additional language relating to its distribution. He claims that since the appellant did not personally distribute the cocaine, he cannot be held criminally liable for a distribution of cocaine from one co-conspirator to another co-conspirator within the same conspiracy.

The Court of Military Appeals in *United States v. Tuero*, 26 M.J. 106 (C.M.A.1988) held that the definition of "distribute" as provided in paragraph 37c(3), MCM, United States, 1984, includes the delivery of drugs to the possession of a co-conspirator. The military justice system, the Court said, just like civilian criminal law, allows a conviction for distribution between conspirators. *Tuero*, 26 M.J. at 108;[1] *See also United States v. Pool*, 660 F.2d 547, 561 (5th Cir. 1981).

In support of his argument that he is not guilty of the distribution alleged in the conspiracy offense, the appellant has cited the case of *United States v. Swiderski*, 548 F.2d 445 (2d Cir.1977). His reliance upon this case and its potential defense is misplaced.

The *Swiderski* case stands for the proposition that when two individuals jointly acquire simultaneous possession of an illegal drug and then exchange the drug between themselves in their personal use of it, neither has committed a distribution offense, rather, each has committed only a possession offense. This potential defense is inapplicable to the case before us because Williamson acquired sole possession of the gram of cocaine before he transferred any portion of the cocaine to the appellant and Coulson. Thus, there did not exist the requisite *simultaneous* acquisition of the cocaine by *all* the conspirators. *See Tuero*, 26 M.J. at 107.

II

*Drug Distribution Offense*

■ With respect to the Court's specified issue, we conclude that the military

---

**1.** It is noted that the distribution in the *Tuero* case was between an accused and a co-conspirator, unlike our instant case in which the appellant was not personally involved in the distribution. We nevertheless find the holding therein that a conspirator is liable for a distribution within a conspiracy to be relevant precedent to the instant case.

judge properly accepted the appellant's plea of guilty to Specification 2 of Charge II even though the appellant did not personally transfer the cocaine to another, and even though the Specification failed to allege the object of the distribution.[2] Each conspirator is liable for any offenses committed by a co-conspirator while the conspiracy continues and the person remains a party to it. *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); Para. 5c(5), Part IV, Manual for Courts–Martial (MCM), United States, 1984. This rule has been applied to drug offenses committed in furtherance of the conspiracy in both the federal and military courts. *See United States v. Harris,* 713 F.2d 623 (11th Cir.1983) (co-conspirator's conviction of conspiracy to distribute cocaine, possession with the intent to distribute, and knowing distribution of cocaine upheld when he provided the house in which the drug deal was consummated and acted as a willing conduit for connecting a willing buyer with a willing seller); and *United States v. Herrick,* 12 M.J. 858 (A.F.C.M.R. 1981) (co-conspirator's conviction of conspiracy to possess and possession of hashish upheld when he provided his co-conspirator with the front money to purchase the drugs).

■■■ To commit the offense of distribution of cocaine, one must deliver the drug to the possession of another. The Manual for Courts–Martial defines "delivery" as "the actual, constructive, or attempted transfer of an item, whether or not there exists an agency relationship." Para. 37c(3), Part IV, MCM, 1984. Williamson committed a criminal distribution of cocaine by delivering the drug to the appellant and to Coulson in furtherance of and pursuant to the terms of their conspiracy.[3] The appellant is guilty of Williamson's distribution of cocaine to Coulson since the appellant, as a member of the conspiracy, is criminally liable for the criminal acts of his co-conspirator.[4] Thus, the military judge did not err in accepting appellant's pleas of guilty to both the distribution offense under Specification 2 of Charge II and to the conspiracy offense under Charge I.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Judge STRICKLAND and Judge RUBENS concur.

---

**2.** The distributee need not be named in the distribution specification in order for it to state an offense. Para. 37f(1), Part IV, MCM, 1984.

**3.** It was an intention of Congress in establishing this offense to "prevent individuals from acquiring drugs for whatever purpose on behalf of others and then transferring the drugs to those others." *United States v. Wright,* 593 F.2d 105, 108 (9th Cir.1979) (the *Wright* court was examining the definition of "distribute" and "delivery" in 21 U.S.C. §§ 841 and 802 which are identical to the definitions in the Manual for Courts–Martial).

**4.** We need not decide whether the appellant would also be guilty of the distribution from Williamson to himself since only one distribution of cocaine was charged. *But cf. United States v. Hill,* 25 M.J. 411 (C.M.A.1988) (wherein the Court held that an accused could not be guilty as an aider and abettor of a drug distribution to himself.)