OPINION OF THE COURT
ARQUILLA, Judge:
The appellant was convicted, in accordance with his pleas, of wrongful possession of marijuana with intent to distribute and wrongful distribution of marijuana, in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1988) [hereinafter UCMJ]. The military judge sentenced him to a dishonorable discharge, confinement for two years and five months, forfeiture of all pay and allowances, and reduction to Private El. The convening authority approved the sentence and, pursuant to a pretrial agreement, suspended that portion of the sentence adjudging confinement in excess of twenty months for a period of twenty months.
Before this court, the appellant, through counsel, submitted the case upon its merits. Also, pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), the appellant presented several matters attacking the effectiveness of his legal representation by his civilian defense counsel, and the accuracy of the stipulation of fact that appellant signed pursuant to his pretrial agreement. We have examined these matters and find them to lack credibility and merit.[1]
Although not raised by either the appellant or his appellate defense counsel, we noted during our initial review of this case that the appellant was convicted of wrongful possession with intent to distribute and wrongful distribution of the same bag of marijuana. The stipulation of fact, and the appellant’s testimony during the military judge’s inquiry into the providence of his guilty plea, clearly *902 indicate that the appellant’s only reason for possessing the marijuana on the day alleged was to distribute it to Special Agent (SA) Cynthea Applegate, who, unknown to the appellant at the time, was working undercover as a member of the drug suppression team of the U.S. Army Criminal Investigation Command (CID). The two had engaged in negotiations which ultimately resulted in the appellant procuring a $50.00 bag of marijuana and selling it to SA Applegate.
At trial, the appellant’s civilian defense counsel conceded that the two specifications alleging these offenses were not multiplicious for the purpose of findings, but he argued at length that they should be considered multiplicious for the purpose of sentencing. In denying the defense counsel’s motion, the military judge explained his ruling as follows:
[I]t doesn’t matter in my ruling the way I see the facts and the law whether or not he intended to distribute to Applegate or intended to distribute to whoever [sic] came along. The point is he had it in his possession, he had it there for the intent to distribute it to someone to include Apple-gate, and he had it there for a significant period of tíme. He brought it from the barracks. He brought it to work and he walked out of work to the parking lot and if Applegate didn’t show or other things happened, she didn’t have the money whatever, we wouldn’t have had the second offense.[2]
We requested briefs from appellate counsel to address the issue as to whether this ruling was correct.[3] At the request of appellate defense counsel, we also heard oral argument on this issue.
We find that the two offenses were multiplicious for the purposes of findings and sentence, and answer the specified issue in the affirmative.[4] We hold that, under the facts of this case, possession with intent to distribute marijuana is a lesser included offense of distribution of marijuana, and that the military judge should not have entered findings of guilty as to both offenses.[5]
In United States v. Teters, 37 M.J. 370 (C.M.A.1993), the United States Court of Military Appeals[6] rejected the “fairly embraced test” of United States v. Baker, 14 M.J. 361 (C.M.A.1983), for determining mul *903 tiplicity, and adopted the rule of construction found in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). That rule provides as follows:
[Wjhere the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
284 U.S. at 304, 52 S.Ct. at 182 (citations omitted).
In United States v. Brown, 19 M.J. 63 (C.M.A.1984), a pre-Teters case, the Court of Military Appeals, after considering the language of Manual for Courts-Martial, United States, 1969 (Rev. ed.), para. 213g [hereinafter MCM, 1969], held with regard to Article 134, UCMJ, 10 U.S.C.A. § 934, that wrongful possession of marijuana with intent to distribute is a lesser included offense of “distribution of the same quantity of substance at the same time and place.” 19 M.J. at 64.
Although the court’s decision in Brown was based on violations of Article 134, UCMJ, rather than Article 112a, as in this case, and on analysis of the 1969 Manual language, rather than the present-day version, we find that this case is still sound precedent. The 1969 Manual description of these two offenses under Article 134 of the Code does not differ from the current Manual description of these offenses under Article 112a of the Code. Then, as now, the term “distribute” is defined to mean “to deliver to the possession of another.” Compare paragraph 213g(3), MCM, 1969, with paragraph 37c(3), MCM (1995 edition). One cannot deliver possession of an item to another without exercising at least constructive control over it. In other words, one must first possess an item in order to distribute it. United States v. Zubko, 18 M.J. 378 (C.M.A.1984). However, the element of “intent to distribute,” required to be proved in order to establish the lesser offense, but not the greater offense, is left undefined in the identically-worded provisions of both Manuals. Compare paragraph 213g(6), MCM, 1969, with paragraph 37c(6), MCM (1995 edition).
Therefore, the court’s analysis in Brown still applies:
[T]he individual must have a general mens rea — an intent to do the actus reus for which he is being held accountable. In the case of distribution, this general mens rea is the intent to perform the act of distribution. Accordingly, it is apparent that both offenses include the element of intent to distribute the controlled substance.
Brown, 19 M.J. at 64 (citations omitted). The holding in Teters does not detract from the validity of this analysis, and United States v. Foster, 40 M.J. 140 (C.M.A.1994), serves to reinforce it. As the court stated in Foster, “dismissal or resurrection of charges based upon ‘lesser-included’ claims can only be resolved by lining up elements realistically and determining whether each element of the supposed ‘lesser' offense is rationally derivative of one or more elements of the other offense — and vice versa....” 40 M.J. at 146 (emphasis in original).
This case is also distinguishable from the recent case of United States v. Albrecht, 43 M.J. 65 (1995), in which the Court of Appeals for the Armed Forces held that the offense of forging checks by falsely making them was not multiplicious with the offense of forging the same checks by uttering them. The court found that although both offenses were punishable under Article 123, UCMJ, 10 U.S.C.A § 923, Congress did not mean to “obliterate” the historical common law distinction between these two crimes, and that this was evidenced by the fact that each offense was listed in “two substantively distinct subsections” of the statute. Id. at 68. Therefore, the court applied the separate-elements test of Teters to these two different offenses, and found that they were not multiplicious because one can falsely make a check without uttering it, and conversely, utter it without falsely making the instrument. In this case, however, Article 112a, UCMJ, does not even list possession with intent to distribute as a separate violation. As with Article 134, UCMJ, under the 1969 Manual, the only importance of this violation under the present Manual is with regard to enhancing the maximum authorized punishment beyond that authorized for simple possession. See *904 MCM, 1969, para. 127c (Table of Maximum Punishments) and MCM (1995 edition), Part IV, para. 37e(2).
The government’s position in this case, which is in accord with the military judge’s findings, is that the offense of possession of marijuana with intent to distribute was completed prior to the point in time at which the appellant distributed the marijuana to SA Applegate. Furthermore, the government asserts that this case is distinguishable from United States v. Brown, because in Brown the possession with intent to distribute a controlled substance “occurred at the same time and place” as the distribution of that substance. In appellants case, the government asserts that although both offenses are alleged to have occurred on the same date, the evidence reveals that a few hours transpired between the time the appellant first obtained the marijuana from another with the intent to distribute it and the time the appellant actually distributed it to SA Apple-gate. Also, the government maintains that although both offenses are alleged to have occurred at Fort Benning, Georgia, the evidence reveals that the appellant possessed the marijuana with intent to distribute it in his barracks and in his workplace, but the actual distribution occurred in the parking lot of his workplace. Therefore, the government concludes, because the two offenses occurred at different times and places, one offense cannot be the lesser included of the other.
Under the facts of this case, the government’s position is untenable. A lesser-included offense is usually completed before the greater offense can occur (e.g., attempted rape and rape, assault with a dangerous weapon and robbery). “Lesser included offenses ... are not separate, nor is a continuing offense involving several separate acts.” Rule for Courts-Martial 906(b)(5) discussion [hereinafter R.C.M.]. In this case the government is bound by its pleadings and the facts of the record. As in Brown, the specifications allege that both offenses occurred on the same date and in the same place. Even if the government had alleged with greater specificity the particular times of the day and the exact locations that each offense occurred, it would then have had to overcome the long-standing policy within the military criminal justice system that “[w]hat is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person.” R.C.M. 307(c)(4) discussion, and United States v. Weymouth, 43 M.J. 329 (1995).
The finding of guilty as to Specification 1 of the Charge, alleging wrongful possession of marijuana with intent to distribute is set aside, and that specification is dismissed. The remaining finding of guilty is affirmed. Reassessing the sentence on the basis of the error noted and the entire record, and applying the criteria of United States v. Sales, 22 M.J. 305 (C.M.A.1986), the court affirms only so much of the sentence as provides for a bad-conduct discharge, confinement for sixteen months, forfeiture of all pay and allowances, and reduction to Private E1.
Senior Judge EDWARDS and Judge GONZALES concur.

. We also note that appellant’s allegations are unsupported by affidavit or other evidence.

. It appears from the appellant’s testimony during the guilty plea inquiry that this "significant” period of time was "an hour or two." The stipulation of fact indicates that the appellant informed SA Applegate the day before that he had not yet acquired the marijuana from his supplier. The appellant’s civilian trial defense counsel specifically declined the invitation of the military judge to present evidence on the sequence of events leading up to the appellant's wrongful possession and distribution of the marijuana in question. We find that further evidence on this issue was unnecessary in light of the fact that the stipulation of fact and the appellant’s testimony clearly establish that the appellant wrongfully possessed with intent to distribute and wrongfully distributed the same marijuana, that the same person was both the intended recipient of the marijuana when the appellant procured it and the actual recipient of it when the appellant distributed it, and that the two specifications allege that these offenses occurred at the same time and place.

. The specified issue was as follows:
WHETHER, IN LIGHT OF UNITED STATES V. BROWN, 19 MJ. 63 (C.M.A.1984); UNITED STATES V. TETERS, 37 M.J. 370 (C.M.A.1993); AND UNITED STATES V. FOSTER, 40 MJ. 140 (C.M.A.1994), THE MILITARY JUDGE ERRED WHEN HE DENIED THE DEFENSE MOTION TO FIND SPECIFICATION 1 OF THE CHARGE (POSSESSION OF 7.14 GRAMS OF MARIJUANA WITH THE INTENT TO DISTRIBUTE) MULTIPLICIOUS WITH SPECIFICATION 2 OF THE CHARGE (DISTRIBUTION OF 7.14 GRAMS OF MARIJUANA) FOR THE PURPOSES OF SENTENCING.

. Although appellant raised the issue of multiplicity for sentencing, but not for findings, we will not apply the doctrine of waiver to the latter issue. United States v. Weymouth, 43 M.J. 329 (1995), which was decided after the appellant’s case was tried, first cited United States v. Morrison, 41 M.J. 482 (1995), for the proposition that ”[i]n courts-martial separate for findings equals separate for sentencing.”

. Although Manual for Courts-Martial, United States, (1995 edition), Part IV, para. 37d [hereinafter MCM (1995 edition)] does not list possession with intent to distribute a contraband substance as a lesser included offense of distribution, we note that the Manual listing of lesser included offenses is not all-inclusive. MCM (1995 edition), para. 3.

. Renamed the United States Court of Appeals for the Armed Forces, effective 5 October 1994. National Defense Authorization Act for Fiscal Year 1995, Pub.L. No. 103-337, § 924(a), 108 Stat. 2663,2831 (1994).