**UNITED STATES, Appellee,**

v.

**Private First Class Arnold F. WILSON, Jr., 230–13–8160 United States Army, Appellant.**

**ARMY 9501209.**

U.S. Army Court of Criminal Appeals.

18 Dec. 1996.

For Appellant: Lieutenant Colonel Michael L. Walters, JA; Captain Matthew A. Myers, Sr., JA (on brief).

For Appellee: Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Lyle D. Jentzer, JA; Captain Kenneth D. Albert, JA (on brief).

Before GRAVELLE, JOHNSTON, and ECKER, Appellate Military Judges.

OPINION OF THE COURT

ECKER, Judge:

In accordance with his pleas, the appellant was convicted of violating a lawful general regulation by possessing drug paraphernalia, damaging government property, possessing marijuana (three specifications), distributing marijuana (three specifications), using marijuana, and false swearing in violation of Articles 92, 108, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 908, 912a, and 934 (1988). A military judge sitting as a general court-martial sentenced him to a bad-conduct discharge, confinement for thirteen months, forfeiture of all pay and allowances, payment of a fine of four thousand dollars, and reduction to Private E1. The convening authority approved the sentence.

The appellant asserts that the military judge erred by failing to rule that the three specifications of possession of marijuana are multiplicious for sentencing with the three

specifications of distributing marijuana because the same marijuana is involved. The defense counsel at trial moved unsuccessfully to dismiss the three possession charges on the basis of multiplicity, citing *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984), and *United States v. Foster*, 40 M.J. 140 (C.M.A. 1994), and making argument strikingly similar to the reasoning in this court's recent opinion of *United States v. Thomas*, 43 M.J. 903 (Army Ct.Crim.App.1996).

The government appellate counsel appropriately agree that one of the specifications of distribution is multiplicious with its corresponding specification of possession. *See Id.* at 903.

■ Government appellate counsel also agree that there is some overlap between another of the specifications alleging possession with its corresponding specification alleging distribution. Counsel point out that after the appellant was apprehended for distributing marijuana on 4 January 1995, a subsequent search revealed a small amount of marijuana in the appellant's room. The government argues that this overlap can be cured by amending the possession specification to reflect only the amount that was separately possessed. We agree.

■ Finally, there remains at issue the multiplicity of the remaining specification of distribution of "some amount" of marijuana "on divers occasions between 1 July 1994 and 27 December 1994" with its corresponding specifications of possession and use of "some amount of marijuana" during the same period of time. The facts as elicited from the appellant during the providence inquiry and from the stipulation of fact show that in late July and on two occasions between October and December the appellant smoked marijuana with other soldiers. On those three occasions, the appellant provided the marijuana, and all that he provided was consumed each time. There were no admissions that the appellant possessed additional marijuana. Under the specific facts admitted by the appellant during the providence inquiry, we agree that the possession and distribution offenses are multiplicious, but do not agree that use and distribution are multiplicious. We will dismiss the possession offense.

As an additional matter, we wish to call attention to the responsibilities of trial participants in resolving issues of multiplicity at trial. Initially, we observe that prosecutorial discretion plays an important part in resolving inequities that may otherwise result from the untempered application of technical rules. Trial counsel should be ever mindful of their ethical duties to seek justice and exercise their discretion in developing charges accordingly.[1] Merely because the government may be able to charge two separate offenses does not mean that, in the interests of justice and common sense, an accused should be convicted of such multiple offenses.[2]

Likewise, an equally attentive trial defense counsel can assure equity by raising appropriate motions and establishing facts of record in support of them. Additionally, an accused who pleads guilty should receive the benefit of a plea negotiation, through counsel, which seeks pleas of not guilty to, or government dismissal of, specifications that may constitute an unreasonable multiplication of charges.

Next, we believe litigants at trial possess an unparalleled ability to develop the facts and resolve issues spawned by charging decisions. In this regard, we observe that sentencing multiplicity, as a separate analysis, is

---

1. Army Reg. 27–26, Rules of Professional Conduct for Lawyers (1 May 1992), Rule 3.8 comment suggests that "a systematic abuse of prosecutorial discretion could constitute a violation of [Ethics] Rule 8.4 [misconduct]." Legitimate charging decisions made to meet exigencies of proof would never be eligible for such scrutiny. *See* Rule for Courts–Martial 907(b)(3)(B) [hereinafter R.C.M.]. However, such decisions may incur an obligation to make appropriate elections, or motions to dismiss, as the evolving circumstances in a given case may dictate.

2. The issues of multiplicity and unreasonable multiplication of charges would normally be waived when the failure to object at trial results in a record that is deficient because the facts essential to the resolution of those legal issues have not been satisfactorily developed. On the other hand, waiver need not attach when, despite a failure to object, the facts of record are sufficiently developed to permit a *reliable* resolution of the issue. UCMJ art. 66(c); *see United States v. Claxton*, 32 M.J. 159, 162 (C.M.A.1991).

**514**

no longer appropriate and must be abandoned. *See United States v. Oatney,* —— M.J. —— (U.S. Armed Forces 30 Sep. 1996); *United States v. Weymouth,* 43 M.J. 329, 336 (1995); *United States v. Morrison,* 41 M.J. 482 (1995).[3] Use of "multiplicity for sentencing" has tended to shift the issue to appellate practice and has fostered a less thorough development of the facts, particularly in guilty plea cases. The end result has left appellate courts, for the most part, severely handicapped in addressing these issues.

The demise of "sentencing multiplicity" does not mean that the trial level is without the means to address charging decisions which, though not technically in violation of our multiplicity rules, may nevertheless constitute an "unreasonable multiplication of charges." *See* R.C.M. 307(c)(4) discussion; *United States v. Teters,* 37 M.J. 370 (C.M.A. 1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994). This policy,[4] alluded to by Judge Cox's caution in *Foster,* that prosecutors not be allowed to "needlessly 'pile on' charges," and cited by this court in *Thomas,* is an underutilized tool at the trial level for addressing the concern which energizes our multiplicity practice—*realistic* findings and sentencing. *See Foster,* 40 M.J. at 144, n. 4.

Therefore, military judges should not be hesitant to invoke the policy of R.C.M. 307(c)(4) through the exercise of their sound judgment. *See Foster,* 40 M.J. at 144, n. 4 (imploring military judges to "exercise sound judgment" in dealing with unreasonable charging). We note that the decision in *Oatney* contains language in accord with vesting such discretion upon military judges. *Oatney,* slip op. at 13.

The findings of guilty of Specifications 1 and 4 of Charge III are set aside and those Specifications are dismissed. So much of the finding of guilty of Specification 6 as finds that the appellant did, at or near Mannheim, Germany, on or about 4 January 1995, wrongfully possess .75 grams of marijuana, more or less, is affirmed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted and the entire record, this court affirms so much of the sentence as provides for a bad-conduct discharge, confinement for thirteen months, forfeiture of all pay and allowances, and reduction to Private E1.

Senior Judge GRAVELLE and Judge JOHNSTON concur.

---

**3.** The Manual's support for "multiplicity for sentencing" as a separate analytical concept appears to be founded on Rules for Courts–Martial 906(b)(12), 907(b)(3)(B), and 1003(c)(1)(C). However, the specific language in *Oatney,* with its repeated references to R.C.M. 1003(c)(1)(C), compels the conclusion that these rules now be read to address only multiplicity for findings. *See Oatney,* slip op. at 12–13.

**4.** R.C.M. 307(c)(4) discussion states in pertinent part, "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Despite the current manual's relegation of this language to the non-binding discussion, we believe this policy has taken on greater importance in multiplicity practice given the decision in *Oatney* and footnote 4 in *Foster. Compare* R.C.M. 307(c)(4) discussion *with* para. 26b, MCM (1969 Rev. ed.).