UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 HOLDEN, HOFFMAN, CONN
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 KAYA M. FEW
 United States Army, Appellant

 ARMY 20080352

 U.S. Army Signal Center and Fort Gordon
 William L. Deneke, Military Judge
 Colonel Edward J. Sheeran, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel
Matthew M. Miller, JA; Major Grace M. Gallagher, JA; Captain Alison L.
Gregoire, JA (on brief).

For Appellee: Lieutenant Colonel Mark H. Sydenham, JA; Major Lisa L.
Gumbs, JA; Major Christopher R. Clements, JA (on brief).

 27 February 2009

 --------------------------------
 SUMMARY DISPOSITION
 --------------------------------

Per Curiam:

 This case is before us for review under Article 66, Uniform Code of
Military Justice, 10 U.S.C. §866 [hereinafter UCMJ]. We find that
Specification 1 of the Charge (wrongful possession of 0.2 grams of
marijuana) and Specification 2 of the Charge (wrongful use of marijuana) at
the same location and within a close proximity of time constitute an
unreasonable multiplication of charges. See United States v. Quiroz, 55
M.J. 334 (C.A.A.F. 2001).

 Appellant was charged with five specifications of marijuana use and
one specification of marijuana possession, in violation of Article 112a,
UCMJ. At trial, appellant moved to consolidate two of the specifications,
Specifications 1 and 2 of the Charge, as being an unreasonable
multiplication of charges.

 LAW

 “What is substantially one transaction should not be made the basis
for an unreasonable multiplication of charges against one person.” Rule
for Courts-Martial 307(c)(4) discussion. In determining whether the
government has unreasonably multiplied the charges, we consider the
following factors: (1) Did the accused object at trial that there was an
unreasonable multiplication of charges and/or specifications; (2) Is each
charge and specification aimed at distinctly separate criminal acts; (3)
Does the number of charges and specifications misrepresent or exaggerate
the appellant’s criminality; (4) Does the number of charges and
specifications unreasonably increase the appellant’s punitive exposure; and
(5) Is there any evidence of prosecutorial overreaching or abuse in the
drafting of the charges? See Quiroz, 55 M.J. at 338.

 DISCUSSION

 The facts upon which those specifications were based are clear and
uncontroverted. On 2 November 2007, appellant possessed enough marijuana
for a single use. Appellant smoked the marijuana in his barracks room and
left the marijuana residue in his bathroom sink. A short time later, a
fellow soldier discovered the residue in the sink and informed the chain-of-
command. Appellant’s commander directed a probable cause urinalysis based
upon the physical evidence. The results of this urinalysis form the basis
for Specification 2 of the Charge; the 0.2 grams of leftover marijuana
residue form the basis of Specification 1 of the Charge.

 In denying appellant’s motion to consolidate, the military judge
applied the Quiroz test to determine whether the charges were unreasonably
multiplied. Regarding the third Quiroz factor, the military judge found,
“we have a truly trivial quantity of marijuana which remained in the
accused’s possession after he finished using what was presumably a larger
quantity” and “given the diminutive amount of marijuana charged in
Specification 1 of the Charge, I find that the two specifications do not
misrepresent or exaggerate the accused’s criminality.”

 We disagree with the findings of the military judge. Appellant smoked
a single-use quantity of marijuana and left only residue behind. Charging
both use and possession under these facts exaggerates appellant’s
criminality. See generally United States v. Wilson, 45 M.J. 512 (Army Ct.
Crim. App. 1996). Applying Quiroz, we find charging the possession along
with use represented an unreasonable multiplication of charges.

 DECISION

 Specification 1 of the Charge is dismissed. The remaining findings
are affirmed. Reassessing the sentence on the basis of the error noted,
the entire record, and applying the principles of United States v. Sales,
22 M.J. 305 (C.M.A. 1986) and United States v. Moffeit, including Judge
Baker’s concurring opinion, 63 M.J. 40, 43 (C.A.A.F. 2006), the court
affirms the sentence.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court