UNITED STATES

v.

Anthony QUIROZ, Private First Class
(E–2), U.S. Marine Corps.

NMCM 98 01864.

U.S. Navy–Marine Corps Court
of Criminal Appeals.

Sentence Adjudged 2 Sept. 1998.

Decided 29 March 2000.

LCDR Michael J. Wentworth, JAGC, USN, Appellate Defense Counsel.

LT Timothy E. Curley, JAGC, USNR, Appellate Government Counsel.

### *En Banc* Reconsideration

DeCICCO, Chief Judge:

On 29 October 1999, in *United States* v. *Quiroz*, 52 M.J. 510 (N.M.Ct.Crim.App.1999) (*Quiroz* I), a panel of this court held that there had been an unreasonable multiplication of charges in the appellant's case because he had been twice charged, convicted, and sentenced for the same act of selling Government property under two different statutes. The panel dismissed one of the two charges. The panel also held that a specification alleging the possession of marijuana plants was a lesser included offense of manufacture of the same marijuana, and it dismissed the possession offense. In reaching these conclusions, the panel declined to apply waiver even though the defense did not object on the basis of unreasonable multiplication of charges or that any of the offenses were lesser included offenses. Sentencing relief was afforded to the appellant. *Quiroz* I, 52 M.J. at 515.

On 24 November 1999, the Government requested *en banc* reconsideration. It believed reconsideration was necessary because the panel's holding involved a matter vital to the administration of military justice, namely to reconcile the holding of the panel with *United States v. Denton*, 50 M.J. 189 (1998)(summary disposition), *United States v. Ray*, 51 M.J. 511, 513 n. 5 (N.M.Ct.Crim. App.1999)(*en banc*), and *United States v. Tollinchi*, 50 M.J. 874 (N.M.Ct.Crim.App.1999). The Government's position is that the concept of unreasonable multiplication of charges is not distinct from multiplicity, and that such issues are always waived if not raised at trial. The appellant did not oppose

the Government's request, and we granted it on 7 December 1999.[1]

### Background

At trial, Private First Class Quiroz was convicted by a general court-martial of conspiring to wrongfully dispose of U.S. Government property (1.25 pounds of M112 Demolition Charge [C-4]), wrongfully selling the same C-4, and two specifications of violating Section 842(h) of Title 18, U.S.Code, by unlawfully receiving the same stolen C-4, and unlawfully possessing, storing, transporting and/or selling the stolen C-4. He was also convicted of possessing marijuana seeds, manufacturing marijuana, and possessing marijuana plants. These offenses violated Articles 81, 108, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 908, 912a, and 934 (1994). The military judge sentenced him to be discharged with a dishonorable discharge, to be confined for 10 years, to forfeit all pay and allowances, and to be reduced to pay grade E-1. The convening authority approved the sentence and, in accordance with the pretrial agreement, suspended all confinement in excess of 48 months. At trial, the appellant entered unconditional guilty pleas to all of the charges and specifications. Although he made no motions prior to entering his pleas, he argued after findings that the charge of conspiracy to dispose of the C-4 was "multiplicious for sentencing" with the offense of violating Title 18, U.S.Code, by unlawfully receiving the C-4. He made the same argument regarding the wrongful sale of C-4 under Article 108, UCMJ, and the Title 18 offense of unlawfully possessing, storing, transporting and/or selling the C-4. The military judge, however, found all of the charges and specifications separate for both findings and sentencing purposes.

As in *Quiroz* I, the appellant initially assigned six errors for review on reconsideration.[2] He has since added a

1. Appellate counsel have briefed and orally argued this case with great skill. We commend both of them for superbly representing their respective positions.

2. I. CHARGE I, CONSPIRACY TO WRONGFULLY DISPOSE OF MILITARY PROPERTY OF THE UNITED STATES, AND CHARGE IV, SPECIFICATION 1, UNLAWFUL RECEIPT OF STOLEN EXPLOSIVE MATERIAL IN VIOLATION OF 18 U.S.C. § 842(h), CONSTITUTE AN UNREASONABLE MULTIPLICATION OF CHARGES.

seventh.[3] Additionally, he argues that the concepts of unreasonable multiplication of charges and multiplicity are distinct. He submits that our authority as a Court of Criminal Appeals in granting relief for unreasonable multiplication of charges amounts to making a determination of "findings appropriateness" which cannot be waived.

## Multiplicity and Unreasonable Multiplication of Charges

Multiplicity and unreasonable multiplication of charges are among the most frequently raised, and perhaps least understood, issues in military law. Writers on the subject and appellate judges have likened it to the Gordian Knot,[4] the Sargasso Sea,[5] and being damned to the inner circle of the Inferno to endlessly debate it.[6] Nonetheless, we embark into the area, much like intrepid Sailors and Marines aboard a ship sailing near shoal waters on a stormy night. We believe such a voyage is necessary because of the evident confusion of these issues in military practice.

Based on our experience, we are aware that prosecutors often bring multiple charges against an accused for what is in essence a single transaction. The argument advanced for this practice is to account for contingencies of proof. However, what we have seen in most cases is no objection from the defense and unconditional guilty pleas to all of the charges pursuant to a pretrial agreement. Military judges have seldom raised the issues *sua sponte* upon entering findings. When either issue is raised on appeal for the first time, we are left to work with an undeveloped record in our attempt to fulfill our mandate under Article 66(c), UCMJ, 10 U.S.C. § 866(c), to "affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find correct in law and fact and determine, on the basis of the entire record, should be approved." In response to this problem, we hope to provide a framework for analysis that is workable and understandable to military practitioners and judges. The goals are clarity, fundamental fairness, and protecting the reputation of the military justice system.

Much of the confusion has arisen from imprecise or even inaccurate use and misunderstanding of the terms.[7] The word "multiplicious" has been misused to apply both to "multiplicity" and "unreasonable multiplication of charges."[8] This has convinced some

---

II. CHARGE II, WRONGFUL DISPOSITION OF MILITARY PROPERTY OF THE UNITED STATES, AND CHARGE IV, SPECIFICATION 2, UNLAWFUL POSSESSION, STORAGE, TRANSPORTATION, AND/OR SALE OF STOLEN EXPLOSIVE MATERIAL IN VIOLATION OF 18 U.S.C. § 842(h), CONSTITUTE AN UNREASONABLE MULTIPLICATION OF CHARGES.

III. THE CHARGE III, SPECIFICATION 1, POSSESSION OF 20 MARIJUANA SEEDS, AND SPECIFICATION 3, POSSESSION OF 7 MARIJUANA PLANTS, ARE MULTIPLICIOUS WITH SPECIFICATION 2, MANUFACTURE OF MARIJUANA.

IV. THE 3 SPECIFICATIONS OF CHARGE III, POSSESSION OF 20 MARIJUANA SEEDS, MANUFACTURE OF MARIJUANA, AND POSSESSION OF 7 MARIJUANA PLANTS CONSTITUTE AN UNREASONABLE MULTIPLICATION OF CHARGES.

V. THE MILITARY JUDGE ERRED IN ACCEPTING PRIVATE FIRST CLASS QUIROZ'S PLEAS OF GUILTY TO CHARGE IV, SPECIFICATIONS 1 AND 2, WHERE 18 U.S.C. § 842(h) IS NOT APPLICABLE AS A MATTER OF LAW UNDER THE FACTS OF THIS CASE.

VI. THE SENTENCE TO CONFINEMENT OF 10 YEARS AND A DISHONORABLE DISCHARGE SHOULD NOT BE APPROVED IN THIS CASE.

3. VII. APPELLANT'S PLEAS OF GUILTY TO CHARGE II AND CHARGE IV, SPECIFICATION 2, WERE IMPROVIDENT BECAUSE APPELLANT ADMITTED FACTS DURING HIS PROVIDENCY [SIC] INQUIRY THAT AMOUNTED TO THE DEFENSE OF ENTRAPMENT.

4. William T. Barto, *Alexander the Great, The Gordian Knot, and the Problem of Multiplicity in the Military Justice System*, 152 MIL.L.REV. 1 (1996).

5. *See Albernaz v. United States*, 450 U.S. 333, 343, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981) and *United States v. Baker*, 14 M.J. 361, 373 (C.M.A. 1983)(Cook, J., dissenting).

6. *United States v. Barnard*, 32 M.J. 530, 537 (A.F.C.M.R.1990).

7. For an excellent discussion of this area of the law, *see* Michael J. Breslin and LeEllen Coacher, *Multiplicity and Unreasonable Multiplication of Charges: A Guide to the Perplexed*, 45 A.F.L.REV. 99 (1998).

8. This point was noted by Judge Effron in his concurring opinion in *United States v. Britton*, 47 M.J. 195, 202 (1997)(Effron, J., concurring).

that they are one and the same, as the Government now asserts. For example, the discussion following RULE FOR COURTS-MARTIAL 307(c)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (1998 ed.) provides: "What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person. *See* R.C.M. 906(b)(12) and R.C.M. 1003(c)(1)." However, instead of discussing what constitutes "unreasonable multiplication of charges," these two Rules for Courts–Martial discuss "multiplicity for sentencing."

Some of our own decisions have contributed to the confusion. *Compare Tollinchi*, 50 M.J. at 878–79 *with United States v. Joyce*, 50 M.J. 567, 568–69 (N.M.Ct.Crim.App.1999). *Tollinchi* cited *Denton*, 50 M.J. at 189, as support for its holding that unreasonable multiplication of charges did not exist because the two offenses required proof of an additional fact which the other did not. As we examine *Denton*, however, we note the Court of Appeals for the Armed Forces [CAAF] granted review of the issue of "unreasonable multiplication of charges", *United States v. Denton*, 46 M.J. 419–420 (1997)(order granting review), but then disposed of the case citing R.C.M. 1003(c)(1)(C) (entitled "Multiplicity") and *United States v. Teters*, 37 M.J. 370 (C.M.A.1993), a "multiplicity for findings" case. *Teters* did not specifically address the topic of "unreasonable multiplication of charges" under the discussion following R.C.M. 307(c)(4). In *United States v. Savage*, 50 M.J. 244, 246 (1999), Judge (now Chief Judge) Crawford stated that the granted issue in *Denton* was "on multiplicity" and "our cases have not been the model of clarity as to multiplicity." [9]

Although the treatment of the concepts in *Denton* could lead one to believe that multiplicity and unreasonable multiplication of charges are one and the same, other opinions suggest the opposite. In *United States v. Weymouth*, 43 M.J. 329, 337 (1995), the CAAF discussed the difference between the military policy of not multiplying offenses and multiplicity considerations. In *United States v. Morrison*, 41 M.J. 482 (1995), the CAAF, after finding disobedience and missing movement offenses were not multiplicious in the legal sense under *Blockberger v. United States*, 284 U.S. 289 (1932), *Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), and *Schmuck v. United States*, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989), stated: "Our holding should not be read as carte blanche for unreasonable multiplication of charges by creative drafting." *Morrison*, 41 M.J. at 484 n. 3. The CAAF also reiterated its admonition from *United States v. Foster*, 40 M.J. 140, 144 n. 4 (1994), to military judges to "ensure that imaginative prosecutors do not needlessly 'pile on' charges against a military accused." *Id.* Thus, it appears from this language that even though offenses may not be multiplicious in the Constitutional sense, they may nevertheless be "unreasonably multiplied." [10] Moreover, the unreasonable multiplication of charges can be of sufficient gravity in a contested case to warrant dismissal of all charges. *United States v. Sturdivant*, 13 M.J. 323, 329–30 (C.M.A.1982).

■ We conclude and hold that multiplicity and unreasonable multiplication of charges are distinct concepts. Multiplicity is a concept that derives from the Double Jeopardy Clause of the U.S. Constitution to prevent defendants from being punished twice for the same act. It deals with the statutes themselves, their elements, and congressional intent. On the other hand, the longstanding principle prohibiting unreasonable multiplication of charges helps fill the gap, particularly after *Teters*, in promoting fairness considerations separate from an analysis of the stat-

---

9. The holdings of the Army and Air Force Courts of Criminal Appeals have kept the differences of the concepts of multiplicity and unreasonable multiplication of charges clearer than our Court has. *See, e.g., United States v. Inthavong*, 48 M.J. 628, 630 n. 5 (Army Ct.Crim.App.1998); *United States v. Erby*, 46 M.J. 649, 651–52 (A.F.Ct.Crim. App.1997); *United States v. Thomas*, 43 M.J. 903, 906 (Army Ct.Crim.App.1996).

10. For another case where the CAAF treated multiplicity and unreasonable multiplication of charges as distinct, see *United States v. Wingate*, 50 M.J. 118 (1998)(summary disposition). After finding an unreasonable multiplication of charges, the CAAF also found the charges to be facially duplicative under a multiplicity analysis, citing *United States v. Lloyd*, 46 M.J. 19 (1997).

utes, their elements, and the intent of Congress.[11] *Joyce,* 50 M.J. at 568–69; *Erby,* 46 M.J. at 651–52.[12] While multiplicity of charges may not exist in a legal sense under *Blockberger, Schmuck, Teters, Morrison,* and *United States v. Oatney,* 45 M.J. 185 (1996), the charges in issue may nevertheless constitute an unreasonable multiplication of charges.

The principle prohibiting unreasonable multiplication of charges is one that is well established in the history of military law and pre-dates both *Teters* and *Blockberger.* The current provision against the unreasonable multiplication of charges can be traced back to ¶ 26b of the 1969 and 1951 editions of the Manual for Courts–Martial, and ¶ 27 of the 1949 and 1928 editions. Even Colonel Winthrop commented many years ago that "[a]n unnecessary multiplication of forms of charge for the same offense is always to be avoided." [13]

We note that the concept of unreasonable multiplication of charges has been relegated to what has been described as a "non-binding" discussion section of the current Manual for Courts–Martial. MANUAL FOR COURTS–MARTIAL, UNITED STATES (1998 ed.), App. 21 at A21–3. We do not believe that the action of the President in placing this longstanding principle in a discussion section of the Manual for Courts–Martial had the effect of repealing it, thereby enabling imaginative prosecutors to multiply charges without limit.[14] In fact, the CAAF's comments in *Morrison* and *Foster* indicate this is not the case. Therefore, the fact that the principle against unreasonable multiplication of charges is located in a discussion section, and not the main text of the Manual, is of little import and does not affect its existence and viability. It is a principle that must still be considered as a matter of fundamental fairness.

### Forfeiture[15]

At trial, the appellant did not specifically request relief based on the principle of unreasonable multiplication of charges, and he entered unconditional guilty pleas to all of the offenses. He did assert, however, that the conspiracy charge and the specification involving receipt of the stolen C–4 were "multiplicious for sentencing." He made the same argument concerning the charge alleging a violation of Article 108, UCMJ, for wrongfully selling the C–4 and the second specification alleged under Title 18 for unlawfully possessing, storing, transporting, and/or selling the C–4.[16]

---

11. After *Teters,* there is otherwise no prohibition against governmental abuse in overcharging as long as the elements of all of the charged offenses are different.

12. Any indication in *United States v. Tollinchi,* 50 M.J. at 878, that the language in *Joyce* finding the concepts distinct is merely *obiter dictum* is rejected.

13. WILLIAM WINTHROP, MILITARY LAW AND PRECEDENTS 143 (2d ed.1920).

14. *See* A.B.A. STANDARDS FOR CRIMINAL JUSTICE, Standard 3–39 and Discussion (2d ed.1986) (The Prosecution Function, "Discretion in Selecting the Number and Degree of Charges"). We agree with the appellant's assertion in his brief that *"Teters* didn't mean that the unreasonable multiplication of charges is a *good* thing." Appellant's Brief on Reconsideration of 11 Feb. 2000 at 12.

15. Although *Quiroz* I used the word "waiver," the correct word in this case is "forfeiture." The latter results when a trial participant is silent and does not object or assert a right. The former occurs when the party voluntarily or intentionally agrees to relinquish or abandon a known right. *Freytag v. Commissioner,* 501 U.S. 868, 894 n. 2, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) (Scalia, J., concurring in the result); *United States v. Toro,* 37 M.J. 313, 320 (C.M.A.1993)(Sullivan, C.J., concurring in the result)(quoting *United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); *United States v. Cunningham,* 44 M.J. 758, 761–62 (N.M.Ct.Crim. App.1996)(en banc); BLACK's LAW DICTIONARY 1574 (7th ed.1999).

16. Considering the holdings in *Teters, Morrison,* and *Oatney* that offenses that are separate for findings are also separate for sentencing, the phrase "multiplicious for sentencing" appears obsolete. *Accord United States v. Wilson,* 45 M.J. 512, 513–14 (Army Ct.Crim.App.1996)("sentencing multiplicity" is no longer appropriate and must be abandoned); *United States v. Dean,* 44 M.J. 683, 685 n. 4 (Army Ct.Crim.App.1996)(the distinction between multiplicity for findings and for sentencing appears to have been eliminated as a component of multiplicity analysis). Understanding that old habits die hard, we encourage counsel and judges to stop using the term. It only adds further confusion to this already murky area of the law. Instead, we recommend discussion of the two concepts of multiplicity and unreasonable multiplication of charges, as discussed above.

The court in *Quiroz* I declined to apply a blanket forfeiture rule to claims of unreasonable multiplication of charges that are raised for the first time on appeal.[17] Notwithstanding R.C.M. 905(e), the court found that its statutory charter enabled it to afford relief, even when the issue was not specifically raised below. When the "piling on" of charges is "so extreme or unreasonable as to necessitate the invocation of our Article 66(c), UCMJ, equitable power ...," forfeiture would not be applied. *Quiroz* I, 52 M.J. at 513.

In its request for reconsideration, the Government argues that we must **always** apply "waiver" in light of the CAAF's holding in *Denton* and our obligation to follow the precedent of our superior Court. On the other hand, the appellant argues that we may **never** apply "waiver" when faced with an issue of unreasonable multiplication of charges because of our statutory duty to review the "appropriateness" of the findings.

 Given our broad and unique authority bestowed by Congress in Article 66(c), UCMJ, to affirm only such findings and sentence as we find correct in law and fact and determine, on the basis of the entire record, should be approved, we believe that we are never **required** to apply forfeiture. Furthermore, when reviewing issues of unreasonable multiplication of charges raised for the first time on appeal, we have concluded that we will not apply forfeiture.[18] However, if an accused affirmatively, knowingly, and voluntarily relinquishes the issue at trial, we may apply waiver. This is a departure from the holding in *Quiroz* I where we applied various factors to determine whether we would find the issue "waived."

In *Quiroz* I, *United States v. Evans*, 28 M.J. 74, 76 (C.M.A.1989), was cited for the proposition that a Court of Military Review (now a Court of Criminal Appeals) "may properly refuse to apply the doctrine of waiver in the exercise of this statutory authority [Art. 66(c), UCMJ]." The CAAF has repeated this view many times, and it is now an indisputable precept of our review process. *United States v. Riley*, 47 M.J. 276, 279 (1997); *United States v. Lloyd*, 46 M.J. at 22; *United States v. Moore*, 32 M.J. 170, 173 (C.M.A.1991); *United States v. Claxton*, 32 M.J. 159, 162 (C.M.A.1991); *United States v. Britton*, 26 M.J. 24, 26 (C.M.A.1988). We note that the Army Court of Criminal Appeals specifically declined to find forfeiture regarding an issue of unreasonable multiplication of charges, citing its Article 66(c), UCMJ, authority. *United States v. Wright*, 44 M.J. 739, 741 (Army Ct.Crim.App.1996). On the other hand, the Air Force Court of Criminal Appeals has elected to apply a bright-line "waiver" rule. *See Erby*, 46 M.J. at 652 ("[A]n accused waives any argument respecting an unreasonable multiplication of charges, as distinguished from double jeopardy/multiplicity, by failing to bring it up at trial."). There have been other cases where forfeiture was not applied and unreasonably multiplied charges were consolidated. *United States v. Miller*, 58 M.J. 128 (C.A.A.F. 2000) (summary disposition); *United States v. Johnson*, 39 M.J. 707, 711 (N.M.C.M.R. 1993), *aff'd*, 40 M.J. 318 (C.M.A.1994).

In his concurring opinion in *Riley*, Judge Gierke provided an excellent explanation of the difference in the review process between the Courts of Criminal Appeals and the Court of Appeals for the Armed Forces:

> In *United States v. Claxton*, 32 M.J. 159, 162 (1991), this Court held that a Court of Military Review (now the Court of Criminal Appeals) enjoys broad review authority under Article 66(c), is not required to apply waiver, and thus is not constrained by the plain-error doctrine. This Court also held that "in the converse situation, where plain error is present, the Court of Military Review may not rely on waiver." On the other hand, our appellate authority under Article 67(c) "is much more limited." *Id.* In short, a Court of Criminal Appeals may take notice of errors of law, whether

---

17. *See Lloyd*, 46 M.J. at 21, for an express rejection of the Air Force Court of Criminal Appeals' "bright-line rule" concerning forfeiture of multiplicity issues.

18. Any indications to the contrary in *Ray*, 51 M.J. at 513 n. 5 and *Tollinchi*, 50 M.J. at 878–79, are rejected.

or not they were preserved by timely objection; our Court is constrained by the rules of waiver and the doctrine of plain error.

*Riley,* 47 M.J. at 281 (Gierke, J., concurring). *See also United States v. Powell,* 49 M.J. 460, 464 (1998)(finding that based on Article 66(c)'s broad mandate, a Court of Criminal Appeals must review errors not raised at trial but asserted on appeal and determine their impact, if any, on an appellant's substantial rights).

The Government's reliance on the CAAF's summary disposition in *Denton* for the proposition that **all** claims of unreasonable multiplication of charges are "waived" if not raised at trial is misplaced. As seen from Judge Gierke's comments in *Riley,* the CAAF applied waiver in *Denton* in exercising its own Article 67, UCMJ, 10 U.S.C. § 867, mandate. Our review authority under Article 66, UCMJ, is broader, and the CAAF's interpretation of this authority in the cases cited above does not require us to apply waiver or forfeiture.

### A Framework for Addressing Unreasonable Multiplication of Charges

Having concluded that the concepts of multiplicity and unreasonable multiplication of charges are distinct, and that issues involving unreasonable multiplication of charges are not forfeited even though raised for the first time on appeal, we must also provide a framework for determining whether a given multiplication of charges arising from the same act or transaction, while permissible under *Teters,* is nevertheless "unreasonable." Having reconsidered the non-exclusive factors cited in *Quiroz* I, we believe that instead of using them to determine whether to apply forfeiture, they should be used to determine whether the multiplication of charges and/or specifications is unreasonable.

■ As an initial factor, we will consider whether or not the appellant raised the issue at trial. While not applying a blanket forfeiture rule, the failure to raise the issue at trial suggests that the appellant did not view the multiplication of charges as unreasonable. This approach is consistent with that taken on other issues where there was no objection

at trial. *See, e.g., United States v. Acosta,* 49 M.J. 14, 18 (1998)(lack of defense objection shows defense belief in neutrality of the military judge); *United States v. Huffman,* 40 M.J. 225, 227 (C.M.A.1994)(failure to object to conditions of pretrial confinement is strong evidence of a lack of an Article 13, UCMJ, 10 U.S.C. § 813, violation). The lack of objection at trial will significantly weaken the appellant's argument on appeal.

■ Therefore, we will consider the following factors to determine whether the multiplication of charges and/or specifications is unreasonable:

Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?

Is each charge and specification aimed at distinctly separate criminal acts?

Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?

Does the number of charges and specifications *unfairly* increase the appellant's punitive exposure? and

Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

■ After considering these factors, if we find the "piling on" of charges so extreme or unreasonable as to necessitate the invocation of our Article 66(c), UCMJ, authority, we will determine the appropriate remedy on a case by case basis. As in *Quiroz* I, we emphasize that these factors are a guide, and we do not intend the list to be all-inclusive.

### Discussion

#### a. The C–4 Offenses

■ Applying the foregoing to the case at bar, the military judge's ruling that the charges dealing with the C–4 were not legally multiplicious was correct under the *Blockberger* and *Teters* analysis. However, he should have gone further and considered the question of unreasonable multiplication of charges. Charge II (wrongful disposition of military property by **selling** the C–4 as a violation of Article 108, UCMJ) unreasonably

**608**

multiplied the offense alleged in Specification 2 of Charge IV (violation of 18 U.S.C. § 842(h) by possessing, storing, transporting **and/or selling** the same C–4) because the appellant was twice charged and convicted for **selling** C–4 under two statutes for the same act. Because the military judge ruled that the appellant could be separately sentenced for these two charges, this exaggerated the appellant's criminality and unfairly increased his punitive exposure at this general court-martial. While we find no evidence of prosecutorial overreaching, the appellant did request relief on the basis of "multiplicity for sentencing."[19] We conclude that these two charges constituted an unreasonable multiplication of charges.

■■■■ There are various remedies available upon reaching such a conclusion, including dismissal, consolidation of charges, or consideration of the charges as one offense for the purpose of sentencing. We are mindful of the rule of law which states that "an unauthorized conviction has 'potential adverse consequences that may not be ignored,' and constitutes unauthorized punishment in and of itself." *Savage*, 50 M.J. at 245 (quoting *Ball*, 470 U.S. at 865, 105 S.Ct. 1668). However, that rule is limited to **multiplicity** situations that violate the Double Jeopardy Clause (e.g., convicting an accused of both a greater offense *and* a lesser included offense).[20] In the arena of unreasonable multiplication, we are not dealing with "unauthorized convictions," and double jeopardy is not violated. Accordingly, while dismissal of an offending charge is an option we may use in

the interest of fundamental fairness, it is not mandated.

Having considered the record in this case, we have decided to consolidate Charge II (Art. 108, UCMJ) and its Specification with Specification 2 of Charge IV. The consolidated specification under Article 134, UCMJ, reads:

> In that Private First Class Anthony Quiroz, U.S. Marine Corps, Weapons Company, 2d Battalion, 3d Marines, 3d Marine Division, on active duty, did, on the Island of Oahu, Hawaii, on or between 1 June 1998 and 30 June 1998, violate 18 U.S.C. § 842(h) by unlawfully possessing, storing, transporting, and disposing of by selling approximately 1.25 pounds of M112 Demolition Charge (C–4), explosive material, knowing or having reasonable cause to believe that such explosive material was stolen.

#### b. The Marijuana Offenses

Having reconsidered the marijuana offenses *en banc*, we have decided to also set aside the findings of guilty and to dismiss Specifications 1 and 3 of Charge III (possession of 20 marijuana seeds and seven marijuana plants). Both specifications (possession of the marijuana plants and possession of the marijuana seeds) are lesser included offenses of Specification 2 (manufacture of marijuana). MCM, Part IV, ¶ 37d(4)(a). Even though the appellant did not request relief as to these specifications, as lesser included offenses to the manufacture, they cannot stand and be separately punished. R.C.M. 1003(c)(1)(C).[21]

---

**19.** It could be argued that this was, in effect, a plea for relief based on unreasonable multiplication of charges and that forfeiture is not an issue on these charges. This again illustrates the problem with terminology in this area.

**20.** In *Ball*, the Supreme Court held that illegal "receipt" of a firearm in violation of 18 U.S.C. § 922(h)(1) would necessarily include illegal "possession" of that same firearm in violation of 18 U.S.C. § 1202(a)(1), and allowing separate convictions and punishments for simultaneous receipt and possession of the same firearm violated Congressional intent. In *Savage*, CAAF held that possession of marijuana with intent to distribute necessarily included distribution of the same marijuana on the same day, and that Con-

gress did not intend to punish a service member twice for the same act.

In this case, the appellant's possession of the stolen C–4 extended for about two weeks before he disposed of it. Record at 57.

**21.** Our trial judiciary and practitioners must remain vigilant of multiplicity and unreasonable multiplication issues. In fact, we recommend that they be included in the Navy–Marine Corps Trial Guide as standard areas of inquiry in each case after findings have been made. Multiplicity issues should be evaluated under *Teters*. A separate analysis of possible unreasonable multiplication of charges should also be conducted. The factors we have provided above would be a useful tool in the latter analysis. We fully under-

### c. Remaining Issues

We have also reconsidered the appellant's remaining assignments of error. We agree with the earlier resolution of the first issue in *Quiroz I* and, applying the above factors, find no unreasonable multiplication of charges by alleging conspiracy to wrongfully dispose of military property (Charge I) and unlawful receipt of the stolen property (Specification 1 of Charge IV). The conspiracy and the unlawful receipt of the stolen property were separate offenses, and we find no misuse of the conspiracy charge to escalate the maximum punishment. *United States v. Crocker*, 18 M.J. 33, 40 (C.M.A. 1984).

We also find no merit in the appellant's argument in the fifth assignment of error that his guilty pleas to Specifications 1 and 2 of Charge IV were improvident. The basis of his argument is that 18 U.S.C. § 842(h) does not apply to him because the statute contains an exception for military explosives. This argument is misplaced. The military exception in the statute allows the possession, storage, and transport of military explosives by the military so the military can distribute and handle such material as necessary. This exception applies to the military as an organization and to explosives used for legitimate military purposes. It does not apply to protect individual military personnel who unlawfully receive, possess, transport, and sell such dangerous material that is stolen. There is no substantial basis in law and fact for questioning the appellant's pleas to these offenses. *United States v. Prater*, 32 M.J. 433, 436 (C.M.A.1991).

In a supplemental assignment of error, the appellant argues that his guilty pleas to Charge II, and Specification 1 of Charge IV were improvident because of the defense of entrapment. The matters supporting this defense consist of a statement by the appellant at trial that another Marine had asked him to sell the C–4 to him, and additional matters the appellant has filed

with this Court. Having examined the record, we find no substantial basis in law and fact to question these guilty pleas. *Prater*, 32 M.J. at 436. Additionally, we will not overturn a guilty plea based on the mere possibility of a defense, and we will not speculate as to the existence of facts that might invalidate the appellant's guilty pleas. *United States v. Faircloth*, 45 M.J. 172, 174 (1996); *United States v. Johnson*, 42 M.J. 433, 445 (1995); *United States v. Harrison*, 26 M.J. 474, 476 (C.M.A.1988).

As for the final issue, the appropriateness of the appellant's sentence, we find it, as reassessed, entirely appropriate in view of the severity of the offenses and his record. *United States v. Healy*, 26 M.J. 394 (C.M.A. 1988); *United States v. Snelling*, 14 M.J. 267 (C.M.A.1982).

### Conclusion

Accordingly, Charge II and its Specification and Specification 2 of Charge IV are consolidated into a single offense under Article 134, UCMJ, as quoted above, and the guilty finding to the consolidated specification is affirmed. The findings of guilty as to Specifications 1 and 3 of Charge III, are set aside and those specifications are ordered dismissed. The remaining findings are affirmed. On reassessment, and applying the principles of *United States v. Cook*, 48 M.J. 434, 437–38 (1998), *United States v. Peoples*, 29 M.J. 426, 427–29 (C.M.A.1990), and *United States v. Sales*, 22 M.J. 305, 307–08 (C.M.A.1986), we affirm only so much of the sentence as includes a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to pay grade E–1.

Senior Judges DORMAN, LEO, and TROIDL and Judges ANDERSON, ROLPH and NAUGLE concur.

stand that the Government has a legitimate interest to plead its case for the contingencies of proof. But after findings have been entered, all trial participants must take an active role to scrutinize the charges for these issues to ensure a fair result for all concerned.

We also recommend that those responsible for proposing changes to the Manual for Courts–Martial conduct a thorough review of the Manual's provisions on multiplicity and unreasonable multiplication of charges, and eliminate outdated terminology and provisions that have added to the confusion.