# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

### v.

## Ronald L. SIDEBOTTOM
## Fireman, U.S. Coast Guard

## CGCMS 24192

## Docket No.  1132

## 16 April 2001

Special Court-Martial convened by Commander, Coast Guard Group Lower Mississippi River. Tried at New Orleans, Louisiana on October 5, 1999.

| | |
|---|---|
| Military Judge: | LCDR William Shelton, USCG |
| Trial Counsel: | LCDR Michael Zack, USCG |
| Detailed Defense Counsel: | LT Jason Lien, JAGC, USNR |
| Assistant Defense Counsel: | LT Richard McGuire, JAGC, USNR |
| Appellate Defense Counsel: | CDR Jeffrey C. Good, USCG |
| Appellate Government Counsel: | LTJG Mark A. Cunningham, USCGR |

## BEFORE
## PANEL SIX
## BAUM, WESTON[*] & CASSELS
### Appellate Military Judges

Cassels, Judge:

Appellant was tried by a special court-martial before a military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of fifty specifications of wrongful appropriation of property in violation of Article 121, Uniform Code of Military Justice (UCMJ); and one specification of failure to obey a lawful general order in violation of Article 92, UCMJ.  Appellant was sentenced to confinement for two months, hard labor without confinement for two months, reduction to E-2, forfeiture of two-thirds pay per month for two months, and a bad-conduct discharge.  The pretrial agreement did not contain a sentence limitation.  The convening authority approved only so much of the sentence as included confinement for two months, reduction to pay grade E-2, and a bad conduct discharge.

Before this Court, Appellant has assigned one error: that two of the 51 specifications of which Appellant was convicted are multiplicious for sentencing: (1) failure to obey a lawful order

---

[*] Judge Weston did not participate in this decision.

prohibiting unauthorized use of government property[1] in violation of Article 92, UCMJ (sole specification of Charge II), and (2) wrongful appropriation of a government vehicle[2] in violation of Article 121, UCMJ (specification 39, Charge I). The 50 specifications of wrongful appropriation, of which Appellant was convicted, allege that at various times between December 1997 and March 1999 Appellant wrongfully appropriated a variety of items, including tools, audio and sports equipment, and one government vehicle. Except for the government vehicle (the property described in specification 39 of Charge I), Appellant pawned the taken items to generate cash to gamble at local casinos. Prosecution Exhibit 1. Two of the wrongful appropriation specifications, and the sole specification under Charge II, describe misconduct on 7 March 1999. On that day, Appellant took a shipmate's outboard motor, and carried it to the pawnshop in a government vehicle. This misconduct is reflected in the charge sheet in three specifications: wrongful appropriation of the outboard motor (Charge I, specification 2), wrongful appropriation of the government vehicle (Charge I, specification 39), and disobeying a lawful general order prohibiting use of government property for other than an authorized purpose (Charge II, sole specification). Appellant asserts that the latter two specifications are multiplicious for sentencing.

Appellant raised at trial the issue of multiplicity of these two specifications for sentencing. Near the outset of the plea providence inquiry, the following was said:

> Military Judge: I have determined that none of the offenses are multiplicious for sentencing purposes. Do both counsel agree?

> Government Counsel: Yes, sir.

> Defense Counsel: Sir, the only argument that we would make, and we will make this in our closing argument, is that with respect to the – for sentencing purposes, we're not talking about the merits, but the Article 92 with respect to the Explorer, along with wrongful appropriation, it's basically the same act, and we are going to argue that for sentencing purposes it should be considered as one act. While not multiplicious under Teters, it still is – basically, arises out of the same act, and we ask that you consider it when awarding your sentence, sir.

> Military Judge: In fact, I made a note to myself last night when I was reviewing the paperwork. The vehicle in Charge II and the sole specification thereunder, from my reading of the Charge Sheet, is the same vehicle under Charge I, Specification 39. And if that's true, then I'd be inclined to agree with the Lieutenant that it probably would, and probably will be, multiplicious for sentencing purposes. But for findings purposes, I've determined that nothing is multiplicious; none of these specifications are multiplicious.

> Defense Counsel: Yes.

---

[1] Charge II, Specification: In that Fireman Ronald Lee Sidebottom, Jr., U.S. Coast Guard, Shore Side Detachment Vicksburg, Mississippi, on active duty, did, at Shore Side Detachment Vicksburg, Mississippi on or about 7 March 1999, fail to obey a lawful general order to wit: paragraph 4, COMDTINST M5370.8A, dated 30 August 1993, implementing Section 2635.704(a) of 5 CFR Part 2635, by using a government vehicle for other than its authorized purpose for his own personal use.

[2] Charge I, Specification 39: In that Fireman Ronald Lee Sidebottom, Jr., U.S. Coast Guard, Shore Side Detachment Vicksburg, Mississippi, on active duty, did, at Shore Side Detachment Vicksburg, Mississippi on or about 7 March 1999, wrongfully appropriate a government vehicle (Ford Explorer), of a value of about $11,000.00, the propety of the United States Coast Guard, Shore Side Detachbent Vicksburg, Mississippi.

Government Counsel: And the Government agrees with that, Your Honor.

Defense Counsel: Yes, sir

Military Judge: Okay….

R. at 25-26.  Trial defense counsel recognized that the two specifications were not multiplicious for sentencing under the elements test applied in *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993).  We agree.  The test for determining whether two specifications are multiplicious, where the same act or transaction constitutes a violation of two distinct statutory provisions and Congressional intent on the matter is not otherwise apparent[3], is whether each offense requires proof of an additional element that the other does not.  *United States v. Czeschin*, 54 M.J. 656 (C.G.Ct.Crim.App. 2000); *United States v. Britcher*, 41 M.J. 806 (C.G.Ct.Crim.App. 1995).  These two specifications each require proof of an element that the other does not.  Wrongful appropriation requires proof of specific intent to temporarily deprive, an element not required to be proven in the Article 92, UCMJ offense of disobeying a lawful general order.[4]  And disobedience of a lawful general order requires proof of the existence of the lawful general order violated, an element not required to be proven in the Article 121, UCMJ offense of wrongful appropriation.

Trial defense counsel did not articulate to the military judge any authority for his request to consider the two offenses one in determining the sentence.  However, Appellant in his brief includes mention of Rule for Courts-Martial (RCM) 1003(c)(1)(C).  The Discussion following RCM 1003(c)(1)(C) states:

> Even if each offense requires proof of an element not required to prove the other, they may not be separately punishable if the offenses were committed as the result of a single impulse or intent…. Also if there was a unity of time and the existence of a connected chain of events, the offenses may not be separately punishable, depending on all the circumstances, even if each required proof of a different element.

RCM 1003(c)(1)(C) and its accompanying Discussion section address the concepts of double jeopardy and unreasonable multiplication of charges.  The two concepts are distinct.  See *United States v. Quiroz*, 53 M.J. 600 (N.M.Ct.Crim.App. 2000), where that Court stated:

> We conclude and hold that multiplicity and unreasonable multiplication of charges are distinct concepts.  Multiplicity is a concept that derives from the Double Jeopardy Clause of the U. S. Constitution to prevent defendants from being punished twice for the same act.

---

[3] The role of the elements test as a means to discern Congressional intent was outlined in *United States v. Britton*, 47 M.J. 195 (1997):

> The elements test is a rule of statutory construction. *Ball v. United States*, 470 U.S. 856, 861, 84 L. Ed. 2d 740, 105 S. Ct. 1668 (1985). It is used to determine the intent of Congress where the legislative history does not display "an overt expression of legislative intent." See *Teters*, 37 M.J. at 376-77. Thus, where the intent of Congress is clear, we need not resort to the elements test. See *United States v. Albrecht*, 43 M.J. 65, 67 (1995) ("Where Congress somehow has expressed its intent in this regard [as to multiplicity], the question easily is answered.").

[4] The elements test is of limited value to divine Congressional intent where one of the offenses, as here, is disobedience of an order.  Congress has no role establishing the terms of an order.

It deals with the statutes themselves, their elements, and congressional intent. On the other hand, the longstanding principle prohibiting unreasonable multiplication of charges helps fill the gap, particularly after *Teters*, in promoting fairness considerations separate from an analysis of statutes, their elements, and the intent of Congress.

*Id* at 604. *Quiroz* listed some factors to be considered in determining whether a multiplication of charges or specifications arising from the same act or transaction is unreasonable. Those factors are (1) whether the defense objected at trial, (2) whether the specifications are aimed at distinctly separate criminal acts, (3) whether the number of specifications misrepresent or exaggerate the appellant's criminality, (4) whether the number of specifications unfairly increase the appellant's punitive exposure, and (5) whether there is evidence of prosecutorial overreaching or abuse in the drafting of charges. Applying those factors to these two specifications, we do not find evidence of prosecutorial overreaching or abuses in drafting of charges -- charging the same activity under two different UCMJ Articles was permissible to enable the prosecution to meet the exigencies of proof. However, the two specifications describe precisely the same criminal activity and unfairly increase Appellant's punitive exposure, and the trial defense counsel did bring the multiplication of charges issue to the military judge's attention. We conclude that these two specifications constituted an unreasonable multiplication of charges for sentencing.

The military judge's equivocal statement that the two specifications probably would be multiplicious for sentencing purposes, and the absence of any subsequent clarification in the record, leaves open the possibility that he treated the two offenses separately for sentencing. R. at 26. The military judge should always ensure the record clearly reflects determinations regarding multiplicity of specifications. If the military judge treated the two specifications separately for sentencing, then he committed plain error and we are required to either reassess the sentence or order a sentence rehearing. After considering the entire record, including the number and severity of all of the offenses involved in this case, we are convinced that the military judge would not have imposed a lesser sentence if that error had not occurred. Therefore, we have concluded that we can reassess the sentence, and that a rehearing is not necessary.

After reviewing the record in accordance with Article 66, UCMJ, we have determined the findings to be correct in law and fact, and, on the basis of the entire record, that they should be approved. Accordingly, the findings of guilty are affirmed. Upon reassessment of the sentence, and applying the principles of *United States v. Sales*, 22 M.J. 305 (1986), we have determined that the sentence, as approved by the convening authority, should be approved. Accordingly, the sentence approved below is affirmed

Chief Judge Baum concurs.



For the Court

//s//
James P. Magner
Clerk of the Court