UNITED STATES ARMY COURT OF CRIMINAL APPEALS

 Before
 GALLUP, CHIARELLA,[1] and JOHNSON
 Appellate Military Judges

 UNITED STATES, Appellee
 v.
 Private E1 JAMES A. BOX
 United States Army, Appellant

 ARMY 20071166

 Headquarters, 2nd Infantry Division
 Donna M. Wright, Military Judge
 Lieutenant Colonel Kevin M. Boyle, Staff Judge Advocate

For Appellant: Colonel Christopher J. O’Brien, JA; Lieutenant Colonel
Steven C. Henricks, JA; Major Sean F. Mangan; Captain Kathleena R.
Scarpato, JA (on brief).

For Appellee: Lieutenant Colonel Francis C. Kiley, JA; Captain Adam S.
Kazin, JA; Captain Anthony O. Pottinger, JA (on brief).

 27 February 2009

 ----------------------------------
 SUMMARY DISPOSITION
 ----------------------------------
Per Curiam:
 A military judge sitting as a special court-martial convicted
appellant, consistent with his pleas, of conspiracy to commit larceny,
making a false official statement, wrongful use of marijuana, and larceny
(seven specifications), in violation of Articles 81, 107, 112a, and 121,
Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, 912a and 921
[hereinafter UCMJ]. The convening authority approved the adjudged sentence
to a bad-conduct discharge and confinement for ten months. This case is
before us for review under Article 66, UCMJ.
 Appellant alleges, inter alia, that Specifications 3 and 7 of Charge
IV are an unreasonable multiplication of charges.[2] We agree and will
merge the two larceny specifications into one specification in our decretal
paragraph. We find appellant’s remaining assignments of error to be
without merit.

 Law and Discussion

 “The prohibition against unreasonable multiplication of charges allows
courts-martial and reviewing authorities to address prosecutorial
overreaching by imposing a standard of reasonableness.” United States v.
Roderick, 62 M.J. 425, 433 (C.A.A.F. 2006). In addressing whether the
government has unreasonably multiplied charges, we apply the five-part
Quiroz test: (1) Did the accused object at trial that there was an
unreasonable multiplication of charges or specifications? (2) Is each
charge and specification aimed at distinctly separate criminal acts? (3)
Does the number of charges and specifications misrepresent or exaggerate
the appellant's criminality? (4) Does the number of charges and
specifications unreasonably increase the appellant's punitive exposure?
(5) Is there any evidence of prosecutorial overreaching or abuse in the
drafting of the charges? United States v. Pauling, 60 M.J. 91, 95 (C.A.A.F.
2004) (citing United States v. Quiroz, 55 M.J. 334, 338 (C.A.A.F. 2001)).

 In this case, Specifications 3 and 7 of Charge IV involve a larceny of
three items from the same victim, at the same time, from the same gym
locker. Although appellant stole three separate items, his acts should
have been charged in one specification. The government, however,
improperly charged appellant with two specifications of larceny;
Specification 3 of Charge IV alleging appellant stole the victim’s ATM
card, and Specification 7 of Charge IV alleging appellant stole the
victim’s cash and iPod.
 Under the Quiroz factors, Specifications 3 and 7 of Charge IV
represent an unreasonable multiplication of charges. Quite simply,
appellant reached into the gym locker with both hands and the government
elected to charge the property stolen with the left hand separate from the
property stolen with the right hand. Although appellant did not object at
trial, this court may “consider all claims of unreasonable multiplication
of charges, even if raised for the first time on appeal, and . . . consider
waiver [or forfeiture] only ‘if an accused affirmatively, knowingly, and
voluntarily relinquishes the issue at trial.’” Quiroz, 55 M.J. at 338
(quoting United States v. Quiroz, 53 M.J. 600, 606 (N.M. Ct. Crim. App.
2000)); see UCMJ art. 66. There is no evidence appellant affirmatively,
knowingly, and voluntarily waived this issue. Furthermore, the two
specifications are not aimed at distinctly separate criminal acts; and the
specifications, as drafted, misrepresent and exaggerate the appellant’s
criminality. On balance, we find the specifications represent an
unreasonable multiplication of charges and must be merged.

 With respect to appellant’s sentence, the military judge explicitly
stated she considered Specifications 3 and 7 of Charge IV to be
“multiplicious for sentencing purposes.” Consequently, we affirm the
approved sentence.

 Conclusion

 The court orders that Specifications 3 and 7 of Charge IV be merged
into modified Specification 3 of Charge IV, and to read as follows:

 In that Private James A. Box, U.S. Army, did at or near Camp
 Casey, Republic of Korea, on or about 23 June 2007, steal one
 Automated Teller Machine (ATM) Debit Card, money, and an iPod,
 of a value less than $500.00, the property of Specialist [CR].

 The findings of guilty of the modified Specification 3 of Charge IV
are affirmed. The finding of guilty of Specification 7 of Charge IV is set
aside and that specification is dismissed. The remaining findings of
guilty are affirmed.[3] Reassessing the sentence on the basis of the
modified findings, the entire record, and in accordance with the principles
of United States v. Sales, 22 M.J. 305 (C.M.A. 1986), and United States v.
Moffeit, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by
Judge Baker in his concurring opinion, the sentence is affirmed.

 FOR THE COURT:

 MALCOLM H. SQUIRES, JR.
 Clerk of Court
-----------------------
[1] Judge CHIARELLA took final action in this case while on active duty.

[2] Specification 3 of Charge IV alleges:

 In that Private James A. Box, U.S. Army, did at or near Camp
 Casey, Republic of Korea, on or about 23 June 2007, steal one
 Automated Teller Machine (ATM) Debit Card, of a value less than
 $500.00, the property of Specialist [CR].

Specification 7 of Charge IV alleges:

 In that Private James A. Box, U.S. Army, did at or near Camp
 Casey, Republic of Korea, on or about 23 June 2007, money and an
 iPod, of a value less than $500.00, the property of Specialist
 [CR].

[3] The initial action by the convening authority, Major General John W.
Morgan, III, failed to award appellant confinement credit of sixty-two (62)
days against appellant’s sentence to confinement. The subsequent action by
the acting convening authority, Brigadier General Joe E. Ramirez, Jr.,
which attempted to award appellant confinement credit, was unsuccessful
because the acting convening authority failed to withdraw the prior action.
 We will remedy this error by awarding appellant sixty-two (62) days
against his sentence to confinement.