# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, SALADINO, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ROBERT J. CARR**
**United States Army, Appellant**

ARMY 20150529

Headquarters, U.S. Army Cyber Center of Excellence and Fort Gordon
John T. Rothwell, Military Judge (arraignment & motions hearing)
John S. Irgens, Military Judge (trial)
Colonel Scott F. Young, Staff Judge Advocate (pretrial)
Lieutenant Colonel John A. Hamner, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

7 April 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape, one specification of assault consummated by a battery, and one specification of communicating a threat, in violation of Articles 120, 128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 928, 934 (2012 & Supp. I 2014) [hereinafter UCMJ]. The military judge convicted appellant, pursuant to his plea, of one specification of assault consummated by a battery in violation of Article 128 UCMJ. The military judge sentenced appellant to a bad-conduct discharge, confinement for nine years, and a reduction to the grade of E-1. The convening authority approved the sentence as adjudged and waived automatic forfeitures. Appellant was credited with nine days against the sentence to confinement.

We now review appellant's case under Article 66, UCMJ. Appellant raises five assignments of error, one of which merits discussion and relief. Appellant alleges the military judge abused his discretion by failing to merge the Specification of Charge I (rape) and Specification 1 of Charge II (assault consummated by a battery) into one specification because they allege the same course of conduct. We hold the military judge should have excepted the duplicative language from one of these two specifications, and provide relief in our decretal paragraph. We have considered appellant's personal submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and conclude they do not warrant relief.

## LAW AND DISCUSSION

Appellant was found guilty, *inter alia*, of the following violations of the UCMJ:

> CHARGE I: Violation of the UCMJ, Article 120 (After 28 June 2012)
>
> [THE SPECIFICATION]: In that [appellant], U.S. Army, did, at or near Augusta, Georgia, on or about 11 March 2014, commit a sexual act upon Mrs. [LC], by penetrating the vulva of Mrs. [LC] with his fingers by using unlawful force to wit: pinning Mrs. [LC] to the couch with his knees and hands, with an intent to abuse, humiliate, and degrade Mrs. [LC].
>
> [CHARGE II]: Violation of the UCMJ, Article 128
>
> [SPECIFICATION 1]: In that [appellant], U.S. Army, did, at or near Augusta, Georgia, on or about 11 March 2014, unlawfully pin Mrs. [LC] to the couch with his hands, arms, and knees and punch Mrs. [LC] on the head, face and torso with his fists.

### *Unreasonable Multiplication of Charges*

Appellant was found guilty of the two specifications delineated above. These specifications stem from appellant's conduct on the night of 11 March 2014 when he raped, physically assaulted, and threatened his wife, Mrs. LC. Appellant's conduct on 11 March 2014 included, *inter alia*, pinning Mrs. LC to the couch with his hands, arms, and knees, punching Mrs. LC on the head, face, and torso with his fists, and raping Mrs. LC by inserting his fingers into her vagina. The unlawful force used to rape Mrs. LC was appellant pinning her to the couch with his knees and hands. This is part of the same conduct charged as an assault consummated by a battery in

Specification 1 of Charge II, where he was charged with assaulting Mrs. LC by "unlawfully pin[ning] Mrs. [LC] to the couch with his hands, arms, and knees . . . ."

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (internal quotation marks omitted) (quoting *United States v. Quiroz*, 53 M.J. 600, 607 (N.M. Ct. Crim. App. 2000)).[1]

Here, the *Quiroz* factors on balance weigh in favor of appellant. First, defense counsel did not object at trial that the specifications constituted an unreasonable multiplication of charges. This factor weighs in favor of the government. Regarding the second *Quiroz* factor, it appears the Specification of Charge I and Specification 1 of Charge II were aimed at the same criminal act, appellant's pinning Mrs. LC to the couch with his knees, arms, and hands.[2] This

---

[1] The bracketed alteration in the quotation reflects the holding of our superior court that "unreasonably" should be used instead of "unfairly." *Quiroz*, 55 M.J. at 338-39.

[2] We note the Specification of Charge I uses the terms "knees and hands" and Specification 1 of Charge II uses the terms "hands, arms, and knees . . . ." As we hold appellant's course of conduct in pinning Mrs. LC to the couch was charged in both specifications, we except the language in Specification 1 of Charge II, to include the term "arms."

factor weighs in favor of appellant. Regarding the third factor, findings of guilty against appellant for all of the language in the specifications delineated above exaggerates appellant's criminality. This factor weighs in favor of appellant. Regarding the fourth factor, appellant's punitive exposure is not unreasonably increased because the appellant remains convicted of sexual assault, assault consummated by a battery minus the duplicative language, communicating threats to Mrs. LC, and a separate assault consummated by a battery against Mrs. LC. This factor weighs in favor of the government. Finally, because there is no evidence of prosecutorial overreaching or abuse in the drafting of the charges, the fifth factor weighs in favor of the government. On balance, we find the *Quiroz* factors weigh slightly in favor of appellant. Accordingly, Specification 1 of Charge II will be amended.

## CONCLUSION

After consideration of the entire record of trial and appellant's assignments of error, we AFFIRM only so much of Specification 1 of Charge II as finds:

> In that [appellant], U.S. Army, did, at or near Augusta, Georgia, on or about 11 March 2014, unlawfully punch Mrs. [LC] on the head, face, and torso with his fists.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

Judge SALADINO and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4