**UNITED STATES, Appellee**

v.

**Sergeant Lonzo WRIGHT, 252–13–0429**
**United States Army, Appellant.**

**ARMY 9501769.**

U.S. Army Court of Criminal Appeals.

25 Sept. 1996.

---

___

For Appellant: Captain John M. Head, JA (argued); Major J. Frank Burnette, JA (on brief).

For Appellee: Captain Kenneth D. Albert, JA (argued); Colonel John M. Smith, JA; Lieutenant Colonel Eva M. Novak, JA; Major Lyle D. Jentzer, JA (on brief).

Before EDWARDS, GONZALES and CARROLL, Appellate Military Judges.

## OPINION OF THE COURT

GONZALES, Judge.

Pursuant to his pleas, the appellant was found guilty by a military judge sitting as a general court-martial of two specifications each of attempted larceny, larceny, forgery, and burglary, and of four specifications of making false official statements in violation of Articles 80, 107, 121, 123, and 129, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 907, 921, 923, and 929 (1988) [hereinafter UCMJ]. The military judge sentenced the appellant to a dishonorable discharge, confinement for twenty months, forfeiture of $500.00 per month for twenty months, and reduction to Private E1. Pursuant to a pretrial agreement, and after giving some credit in accordance with *United States v. Pierce*, 27 M.J. 367 (C.M.A.1989), for $1400.00 in forfeitures previously collected as punishment under Article 15, UCMJ, for one of the larceny specifications,[1] the convening authority approved only so much of the sentence that provides for a bad-conduct discharge, confinement for twenty months, and reduction to Private E1.

 Before this court the appellant asserts, inter alia, that two of the four specifications of false official statements are multiplicious with the remaining two specifications

and should be dismissed. We agree to the extent that there has been an unreasonable multiplication of charges in this case.

During the providence inquiry, the appellant admitted that at each of two separate interviews conducted by law enforcement officials on 21 June 1994 and 14 July 1995, respectively, he made two untrue averments about each of two different victims for a total of four different falsehoods. Each falsehood was the basis for a separate specification in violation of Article 107, UCMJ. The military judge considered the two specifications concerning the first victim in the first official statement (21 June 1994) multiplicious for sentencing purposes because the falsehoods in those two specifications were stated "one right after the other" within one or two minutes of each other. He declined to do likewise for the two specifications concerning the second victim in the second official statement (14 July 1995) because the falsehoods in those two specifications were stated approximately fifteen to twenty minutes apart and referred to different topics.

It is clear from the appellant's testimony and the stipulation of fact that the appellant made only two official statements, each of which contained more than one falsehood "in certain particulars." Manual for Courts–Martial, United States, 1984, Part IV, para. 31b(2). With respect to the 14 July 1995 interview, the record is sufficient for us to conclude that the time differential of fifteen to twenty minutes did not change what essentially was one official statement concerning closely related offenses against the same victim, into two separate statements for charging purposes.

Under the circumstances of this case, we find that the appellant gave only two false official statements during two separate interviews, thus requiring the consolidation of the "particulars" in Specifications 2 and 3 of Charge II and the consolidation of the "particulars" in Specifications 4 and 5 of Charge II. *See United States v. Sanchez*, 39 M.J. 518, 520 (A.C.M.R.1993); *United States v. Camp-*

---

1. The appellant did not receive full dollar-for-dollar *Pierce* credit for the forfeiture of $1400.00 because the appellant's expiration of term of service, which has the effect of terminating enti-

tlement to pay, was 6 December 1995, and the action was taken only ten days before on 27 November 1995.

*bell,* ARMY 9501489 (Army Ct.Crim.App. 30 Apr. 1996)(unpub.). The government's election to charge each of the four "particulars" in the appellant's two false official statements as a separate specification was an unreasonable multiplication of charges which must be corrected. Rule for Courts–Martial 307(c)(4) discussion; *see also United States v. Morrison,* 41 M.J. 482, 484 n. 3 (U.S. Armed Forces 1995)(citing *United States v. Foster,* 40 M.J. 140, 144 n. 4 (C.M.A.1994)). Despite the lack of a defense objection at trial, we cannot allow this error to go uncorrected. Article 66(c), UCMJ. Thus, we will not apply the doctrine of waiver.[2] *See United States v. Claxton,* 32 M.J. 159, 162 (C.M.A.1991). Accordingly, Specifications 2 and 3 of Charge II are consolidated as a single Specification 2 to read as follows:

In that Sergeant Lonzo Wright, U.S. Army, did, at Fort Hood, Texas, on or about 21 June 1994, with intent to deceive, make to Investigator James Carlton, an official statement, to wit: that he, the said Sergeant Lonzo Wright, had picked up the wallet and ATM card after a man dropped it on the ground while running away, and that he, the said Sergeant Lonzo Wright, had gotten the ATM card from a friend named "Ricky" who said he didn't know how to use the ATM machine, which statement was false in that the said Sergeant Lonzo Wright took the wallet and ATM card from Sergeant Brian Rohde's barracks room, and was then known by the said Sergeant Lonzo Wright to be so false.

Furthermore, for the same reasons, Specifications 4 and 5 of Charge II are consolidated as a single Specification 4 to read as follows:

In that Sergeant Lonzo Wright, U.S. Army, did, at or near Fort Hood, Texas, on or about 14 July 1995, with intent to deceive, make to Investigator Paul R. Genualdo, an official statement, to wit: that he, the said Sergeant Lonzo Wright, had found Specialist Whitlock's billfold, ID card, driver's license, and bank account card in the parking lot of the Clear Creek Shoppette, and that he, the said Sergeant Lonzo Wright, had driven to two banks to see if they really check people's ID cards when they try to withdraw money, which statement was false in that the said Sergeant Lonzo Wright took the billfold, ID card, driver's license, and bank account card from Specialist Whitlock's room and drove to the banks to steal money, and was then known by the said Sergeant Lonzo Wright to be so false.

■ The remaining assignment of error concerning whether the two forgery specifications are multiplicious with the two attempted larceny specifications was resolved against the appellant under similar circumstances in *United States v. Teters,* 37 M.J. 370 (C.M.A.1993), *cert. denied,* 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994)(convictions for forgery and larceny were not multiplicious for findings). We considered the matter personally raised by the appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find that it does not warrant further relief.

The findings of guilty of Specifications 2 and 4 of Charge II, as consolidated, are affirmed. The separate findings of guilty of Specifications 3 and 5 of Charge II are set aside and those Specifications are dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the errors noted, the entire record, and *Pierce,* the court affirms only so much of

---

**2.** Government appellate counsel presented a superb argument for applying waiver due to the trial defense counsel's failure to object at trial. However, we believe that we would not fulfill our statutory responsibilities under Article 66(c), UCMJ, and that our decision would risk being interpreted as condoning the practice of charging each falsehood in the same false official statement as a separate specification, if we applied waiver in this case. Nevertheless, we caution defense counsels that they run the risk of waiver being applied on appeal, as was done in *United States v. Fowler,* ARMY 9500396 (Army Ct.Crim. App. 17 June 1996)(unpub.) and *United States v. Leach,* ARMY 9500705 (Army Ct.Crim.App. 13 May 1996)(unpub.), when they fail to object at trial and their failure results in a record that is deficient because the facts necessary to resolve an unreasonable multiplication of charges issue have not been satisfactorily developed in the record. Likewise, trial counsels invite appellate sentence reassessment when they fail to ensure that an obvious unreasonable multiplication of charges is corrected either after findings at trial or when action is taken by the convening authority.

the sentence as provides for a bad-conduct discharge, confinement for sixteen months, and reduction to Private E1.

Senior Judge EDWARDS and Judge CARROLL concur.