# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, LIND, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant SCOTT A. BOLLINGER**
**United States Army, Appellant**

ARMY 20120376

Headquarters, 82d Airborne Division
Tara A. Osborn, Military Judge
Lieutenant Colonel Paul J. Cucuzzella, Staff Judge Advocate

For Appellant:  Major Jacob D. Bashore, JA; Major Vincent T. Shuler, JA; Captain Ian M. Guy, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA; Captain T. Campbell Warner, JA (on brief).

22 December 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of false official statement, four specifications of wrongful distribution of a controlled substance, and one specification of wrongful use of a controlled substance, in violation of Articles 107 and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 912a (2006) [hereinafter UCMJ], respectively.  The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty-two months, and reduction to the grade of E-1.  The convening authority approved a sentence to a bad-conduct discharge, confinement for twenty-eight months, and reduction to the grade of E-1.[1]

---

[1] In response to a legal error alleging unreasonable government delay in post-trial processing under *United States v. Moreno*, 63 M.J. 129 (C.A.A.F. 2006), raised in

(continued . . .)

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellate counsel assigned one error to this court, and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The assigned error warrants discussion and relief. The matters raised pursuant to *Grostefon* are without merit.

## BACKGROUND

Appellant was charged with four specifications of making a false official statement during a single interview by a military police investigator. The interview was pursuant to a criminal investigation into Corporal C.A.C.'s drug overdose. Specifications 1, 2, and 3 of Charge II were based on appellant answering, "No," or words to that effect, when asked by the investigator whether he had ever illegally used, possessed, or distributed controlled substances, respectively. The fourth specification was based on appellant's statement to the investigator, "I gave [Corporal C.A.C.] about 2 pills," or words to that effect. Pursuant to a pretrial agreement, appellant pleaded guilty to all four of the false official statement specifications in Charge II.

## LAW AND DISCUSSION

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

---

(. . . continued)
the appellant's Rule for Courts-Martial [hereinafter R.C.M.] 1105 clemency submissions, the staff judge advocate recommended and the convening authority approved twenty-eight months confinement.

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

On balance, we find the *Quiroz* factors weigh in appellant's favor. Appellant did not object to an unreasonable multiplication of specifications during trial. Yet, the military judge merged the four specifications of Charge II into one specification of false official statement for purposes of sentencing,[2] thereby preventing appellant from being unfairly subjected to an increase in punishment. Considering appellant's false statements were made during a single interview with the same investigator regarding possession, use, and distribution of drugs obtained from one source, the specifications of Charge II are not four distinctly separate criminal acts. Rather, appellant's three 'exculpatory no' answers and his misrepresentation about how many pills he gave Corporal C.A.C. comprise one false official statement offense. Further, convicting appellant four times for what was a single offense exaggerates his criminality.[3] Accordingly, we conclude there was an unreasonable multiplication of specifications in this case. *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief); *see also United States v. Wright*, 44 M.J. 739, 741 (Army Ct. Crim. App. 1996) ("The government's election to charge each of the four 'particulars' in the appellant's two false official statements as a separate specification was an unreasonable multiplication of charges which must be corrected.") (citations omitted).

---

[2] At an R.C.M. 802 session prior to trial, the parties discussed merging the four specifications of Charge II into a single false official statement specification for sentencing purposes. The military judge merged the specifications sua sponte immediately after the providency colloquy for that charge.

[3] In its brief, the government concedes the second and third *Quiroz* factors weigh in appellant's favor, and that relief is warranted because the specifications of Charge II are unreasonably multiplied for findings.

## CONCLUSION

Upon consideration of the entire record, submission by the parties, and those matters personally raised by appellant pursuant to *Grostefon*, Specifications 1, 2, 3, and 4 of Charge II are consolidated into a single amended Specification, to read as follows:

> In that [appellant], U.S. Army, did, at or near Ft. Bragg, North Carolina, on or about 6 July 2011, with intent to deceive, make to Military Police Investigator M.J.P., official statements, to wit: "No," or words to that effect when asked if he had ever illegally used a controlled substance; "No," or words to that effect when asked if he had ever illegally possessed a controlled substance; and, "No," or words to that effect when asked if he had ever distributed Percocet or any type of pills to any Soldiers other than Corporal C.A.C., which statements were totally false, and were then known by the said [appellant] to be so false; and, to wit: "I gave [Corporal C.A.C.] about 2 pills," or words to that effect, which statement was false in that he had given Corporal C.A.C. more than two pills, and was then known by the said [appellant] to be so false.

The findings of guilty to Specifications 2, 3, and 4 of Charge II are set aside and those specifications are DISMISSED. The finding of guilty to the Specification of Charge II, as so amended, is AFFIRMED. The remaining findings are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4